Samuels, J.
It is unnecessary to the proper decision of this case to determine whether Abraham Liston could make a submission to arbitration valid in law to bind his own wife and other femes covert in their rights to real property; or whether the submission before us can be held to embrace those rights; or whether an intelligible construction can be placed upon the submission; or whether the award made is within its terms. If all these questions should be decided in favor of the appellees, still the decree directing the specific performance of the award must be reversed because of misbehavior in the arbitrators. The record shows that in the absence of the appellants, and without their knowledge, the arbitrators received from the appellees, or some of them, or from some one on their behalf, a written paper to be used as evidence upon the questions involved in the submission. What the paper contained, or whether its contents were sworn to, the record does not show. One of the arbitrators proves that, having previously made up his opinion as to what the award should be, the contents of the paper had the effect of confirming him in that opinion.
It has always been an object of great concern with the courts to keep the administration of justice free not only from partiality, but also from any suspicion thereof. It is due to all parties, whether asserting or defending their rights in courts of record, or before domestic tribunals of their own choice, that they should hear and know every thing alleged or proved in opposition to the rights claimed. If, however, evidence on behalf of one party may be secretly heard, his adversary is deprived of the right to explain or disprove what is alleged'to his prejudice.
*539 Many cases may lie found affirming the position laid down : there is no conflict of opinion in regard to the general principle itself, although there' may have been some in applying it to the facts of particular cases.
The case of Graham's adm'r v. Pence, 6 Rand. 529, is sustained as well by the cases cited by Judge Can-, who delivered the opinion, as by many others. It may therefore be safely declared that an award cannot be sustained if made in favor of a party who has secretly offered evidence which has been received by the arbitrators whilst acting in their capacity as such. Nor will the case be withdrawn from the operation of the general rule by proof that the award would have been the same without such proof. The law in its jealousy will not permit an enquiry into the effect of the evidence so received; it tends to partiality and corruption, and nothing less than the complete vacation of the award will satisfy the law.
There is no particular reason to impute improper motives to the arbitrators who made the award in question; they probably received the evidence in ignorance of the proprieties of their position.
It is said in behalf of the appellees, that the paper alleged to have been executed by the appellants after the award was made, agreeing to keep the land and pay the sum of seven hundred dollars, is in itself such a contract as the court should cause to be enforced. I am of a different opinion, however. The arbitrators had decided that the appellants should either give up the land and receive seven hundred dollars from the appellees, or retain the land and pay seven hundred dollars to the appellees, and that the appellants should make their election in a limited time. The paper referred to was merely to show that, of the two alternatives offered by the award, the appellants elected to keep the land and pay the money; but it was in *540 nowise intended as a new and original contract of sale.
I am of opinion the decree should be reversed and the bill dismissed.
The other judges concurred in the opinion of Samuels, J.

Decree reversed and bill dismissed.