## ESTES, *Appellant,* v. FRY *et al.*

1. **Ejectment :** EQUITABLE DEFENCE : MOTION TO STRIKE OUT : AFFIRMATIVE RELIEF. Where the payee in notes secured by a deed of trust became the purchaser at the trustee's sale and brought ejectment against the grantor, who set up an equitable defence, alleging that, at the time of the trustee's sale, the notes had been fully paid, and that the sale was fraudulent, and asked that the sale be set aside, if the notes be found to have been paid, or that he be allowed to redeem if a balance was found to be due on the notes, it was proper to set up the circumstances constituting fraud, and the refusal to strike out this defence was not error.

2. ———— : ———— : PRACTICE: TRIAL OF ISSUES BY JURY: REVIEW ON APPEAL. Where, in an action at law, the answer sets up a distinct claim with a prayer for relief, which a court of equity alone can give, the issues made by the answer and the reply thereto should be tried as a case in equity. But where neither party demanded a separate trial of the equity branch of the case in the trial court, the objection that it was tried by a jury cannot be taken advantage of on appeal.

3. **Practice** : CALLING JURY IN EQUITY CASE. It is discretionary with the trial court whether it will take the opinion of a jury on issues of fact in an equity suit, and it cannot be said that the simple fact of calling a jury in such cases is error.

4. **Practice in Supreme Court** : REVIEW OF EVIDENCE IN EQUITY SUIT : HARMLESS ERROR. It is the duty of the Supreme Court, on appeal in an equity suit, where the evidence is all preserved in the record, to examine the evidence, and if the decree appears to be for the right party to affirm it, although errors may have been committed on the trial.

5. **Practice** : EVIDENCE, PAROL TO VARY WRITTEN INSTRUMENT : PAYMENT. In a contest between the original parties to notes secured by a deed of trust, executed subsequent to the date of the notes, parol evidence is admissible to show that other payments have been made on the notes than those recited in the trust deed.

6. ————. The action of the trial court in this case, approving the verdict of the jury and making a decree setting aside the trustee's sale and declaring the deed of trust satisfied, sustained. .

*Appeal from Pike Circuit Court.* — HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

· *W. H. Morrow* for appellant.

(1) Plaintiff's motion to strike out part of defendants' answer should have been sustained. R. S., secs. 3515, 3527, 3529, 3530 ; *Kimmell v. Benna*, 70 Mo. 52. (2) The court should not, over the objections of plaintiff, have submitted the issues made by the pleadings to a jury for determination. *Freeman v. Wilkinson*, 50 Mo. 554 ; Green & Meyer's Mo. Prac., ch. 21, p. 79, sec. 133 ; *Ledbetter v. Ledbetter*, 88 Mo. 60 ; R. S., sec. 3606. (3) The court should not have submitted to the jury the special issues as to whether or not the notes were paid off, and if not paid the amount remaining due on each. R. S., secs. 3601, 3629, 3630 ; *Bankston's Adm'r v. Farris*, 26 Mo. 175 ; *Majors' Heirs v. Rice*, 57 Mo. 384. (4) The verdict of the jury was fatally defective,

as being a compound of a general verdict and a special finding. It is against the weight of the evidence. Green & Meyer's Prac., p. 26, sec. 1138. (5) All the testimony offered by defendant, for the purpose of proving any and all payments claimed to have been made on the notes described in the deed of trust prior to its execution, and which did not appear thereon as credits prior to the date of said deed of trust, was irrelevant, improper, and incompetent, because in flat contradiction of the solemn admissions by way of recitals in said deed of trust contained; and which instrument was, by the defendant, pleaded in his answer setting up an equitable defence to plaintiff's cause of action. Bigelow on Estop. [4 Ed.] pp. 320, 322, 341, 343, 354, 355; *Mullenberg v. Druckenmill*, 103 Pa. St. 631; *McCrea v. Purmort*, 16 Wend. 460; 1 Taylor on Evid. [8 Ed.] p. 112, sec. 89 and cases cited, and p. 119, sec. 97, *et. seq.*; *Dickerson v. Anderson*, 9 Mo. 156; *Clamorgan v. Green*, 32 Mo. 285; *Durett v. Briggs*, 47 Mo. 356; *Fitzgerald v. Barker*, 85 Mo. 13; *Bowman v. Taylor*, 2 Ad. & E. 278; *McKown v. Williams*, 77 Mo. 463; *Courier v. Lowe*, 32 Mo. 203.

*W. H. Biggs*, *M. G. Reynolds* and *D. A. Ball* for respondents.

(1) Appellant is not in a position to complain of the action of the court in refusing to strike out portions of defendants' answer. The motion failed to designate the portions of the answer objected to. *Pearce v. McIntyre*, 29 Mo. 423; *Jackson v. Bowles*, 67 Mo. 613; *Mortin v. Jones*, 72 Mo. 14. (2) Respondent, Jacob Fry, is not estopped by the recitals in the deed of trust as to the credits to which the notes therein secured were entitled at that time. *Dickerson v. Anderson*, 9 Mo. 155; *Mellie v. Bagwell*, 3 McCord; *Hayne v. Maitley*, 3 D. & E. 438; *Van Pensalior v. Kearney*, 11 How.

326. (3) The case was properly submitted to a jury. An equitable defence to an action of ejectment does not change the character of the action. *Carter v. Prior,* 78 Mo. 222; *Wolf v. Shaeffer,* 74 Mo. 154; s. c., 4 Mo. App. 367; *Valle v. Fleming,* 29 Mo. 152; *Shroyer v. Nickell,* 55 Mo. 264; *Jones v. Manley,* 58 Mo. 559. (4) It is wholly within the discretion of the court whether a reference will be ordered in any case. *Neenan v. Smith,* 50 Mo. 525. No reference was asked by appellant in this case. (5) This court will not interfere in this case unless it is manifest that the judgment ought to have been for the other party. *Bank v. Murray,* 88 Mo. 191.

BLACK, J.—The plaintiff prosecutes this appeal from a judgment against him in an action of ejectment. On the twenty-ninth of April, 1874, the defendant, Jacob Fry, made a deed of trust on the land in question to secure the payment of three promissory notes, one dated December 11, 1866, for eleven hundred dollars, due at one day; the second, dated April 1, 1870, for $1,965.33, both payable to Fielden Estes, the plaintiff. The third note bears even date with the deed of trust, April 29, 1874, is for the sum of $1,076.24, due in two years after date, and payable to Jacob Block. All these notes bear interest at ten per cent. per annum, compounded annually. Plaintiff became the owner of the Block note in 1875. On the third of July, 1881, the trustee sold the land for alleged default in the payment of these notes, and the plaintiff became the purchaser. The answer of the defendant, Jacob Fry, is (1) an admission that he is in possession of the land, with a denial of the other matters stated in the petition; (2) an equitable defence, with a prayer for affirmative relief; and (3) a plea of a former adjudication of the same matters in a suit between the same parties.

1. Plaintiff moved to strike out the third defence

on the ground that it did not show an adjudication on the equitable defence, and was, therefore, no bar to the prosecution of this action, which motion was overruled. It is not necessary to consider the action of the court upon this motion, for the court held, when the record in the former suit was read in evidence, that the judgment in that case constituted no bar to the prosecution of this suit. The case is here for review on the equitable defence, the third having been finally determined in favor of appellant.

2. The defendant, Jacob Fry, in his second defence, in substance states that the trustee's sale was fraudulent in this, that the notes described in the deed of trust were paid off at the date of the sale. A statement of the various payments claimed to have been made on the notes is then given. Coupled with these allegations are others which the plaintiff moved to strike out. They are, in substance, that defendant is a man of no learning, being unable to read or write; that he trusted to plaintiff to make the proper credits; that plaintiff failed and neglected to give him proper credits for the purpose of cheating him out of his farm; that he has no memoranda or written account of the payments, because of the promise of the plaintiff to enter any and all credits upon the notes; that the plaintiff has refused to give him any information as to the credits endorsed on the notes. By this defence, the defendant seeks to cancel the trustee's deed, to have the deed of trust declared satisfied, with a further prayer that if it should be found that the notes were not fully paid, he be allowed to redeem. The theory of the defence is that the trustee's sale was fraudulent, and it was entirely proper to set up the circumstances constituting the fraud. The answer must be taken as a whole and considered in the light of the relief asked. Proof of payment of the notes in full would be sufficient to set aside the trustee's deed, but the answer contemplated that there might

possibly be a balance due on the notes, and in order to redeem proof of the alleged fraudulent acts would become important. There was no error in overruling the motion.

3. The court submitted the issues to a jury, and of this action error is assigned. The fact that an equitable defence is interposed in an action at law, it has been held, does not convert the suit from an action at law to one in equity. *Wolff v. Schaeffer*, 74 Mo. 154; *Carter v. Prior*, 78 Mo. 222. But where the answer sets up a distinct claim with the prayer for relief, which a court of equity alone can give, as is the case here, the issues made by the answer and the reply thereto should be tried as a case in equity. *Durfree v. Moran*, 57 Mo. 375; *Kitchen v. Railroad*, 59 Mo. 517. The court should have tried this defence itself, or sent it to a referee to hear the evidence and state an account, which would have been the prudent course to pursue; or special issues should have been framed and the opinion of a jury taken thereon. In this case no such issues were made up, though the court, by its instructions, directed the jury to find a general verdict for the plaintiff or defendant, and in addition to report specially whether or not the notes were paid, and, if not, then how much was due on each note. But these irregularities can be of no avail to appellant, for he neither prepared and presented, nor did he ask the court to frame, specific issues of fact. Attention must be given to such matters at the proper stage of the trial.

When this trial began there were issues of fact at law and in equity to be tried. Neither party demanded a separate trial of the equity branch of the case. Besides this, as a general rule, it is entirely discretionary with the trial court whether it will take the opinion of a jury on issues of fact in an equity suit. It cannot be said the court erred in the simple fact of calling a jury, and that is the only exception taken.

4. Again it is the duty of this court, as to this branch of the case, to examine the evidence, and if the decree appears to be for the right party to affirm, though errors may have been committed on the trial. This is true as to the admission or exclusion of evidence, when the evidence offered or excluded is preserved in the bill of exceptions, for if competent we examine it, if not it is disregarded. This will be a sufficient answer to the numerous questions as to the admission and exclusion of evidence, for it is all preserved in the record.

5. As two of the three notes were made long prior to the date of the deed of trust, and as two and only two payments are recited in the deed of trust, the plaintiff insists that defendant is estopped from showing any other or additional payments prior to the date of the deed of trust. This contest is between the original parties to the notes and deed of trust. The deed of trust is certainly evidence in favor of Estes that no other payments had been made than those therein recited, but we do not see how it can be said Fry is estopped or precluded from showing that other payments had been made. Had Estes sued Fry on the notes, the latter could have pleaded and proved payments other than those endorsed thereon notwithstanding the deed of trust. So, too, if Estes had foreclosed the deed of trust by suit, Fry could have pleaded and proved additional payments. The deed of trust being under seal imports a consideration, and a want of consideration could not be shown for the purpose of defeating it as a deed. This is true in respect of other deeds, and the principle is applicable to mortgages and deeds of trust in the nature of a mortgage. But for the purpose of ascertaining what is due, the consideration may be inquired into. *Farnum v. Burnett*, 21 N. J. Eq. 87. Parties are concluded by recitals in deeds to prevent a denial of an affirmation, upon the faith of which affirmation other persons have acted or expended their money. Proof of

payments, not recited in the deed of trust, puts Estes in no worse condition than he was before the deed was executed. As between these parties the defendant is free to assert and prove other or additional payments.

6. Some thirteen credits are endorsed on the notes from 1871 to 1881, aggregating about three thousand dollars. Fry claims to have paid nearly three times that amount. The deed of trust covers a farm of two hundred and seventy-four acres, and from 1874 on, Estes held chattel mortgages on the entire products of the farm. Fry is an old man, unable to read or write ; and it appears that he placed great confidence in Mr. Estes ; that he and his three sons were industrious, and the products of the farm, or the proceeds thereof, were for the most part turned over to Estes, they keeping no written account of the transactions. Mr. Estes says he paid out moneys for Fry from time to time, and that they had yearly settlements, when the balance in favor of Fry was credited on the notes, and that he then destroyed the memoranda of the transactions. The payments, however, made for Fry, prior to 1878, were few, and are satisfactorily traced ; and the credits endorsed on the notes are so far at variance with the transactions shown, on the one side and the other, that the evidence of settlements cannot be relied upon. It stands without contradiction that in and after 1877, Fry repeatedly requested an inspection of the notes and credits placed thereon, but was put off from time to time ; and even on the day of the trustee's sale the plaintiff refused an inspection of them, until directed by his own attorney to exhibit them for examination.

Fry says he paid Estes four hundred dollars in 1868 and seven hundred dollars in 1869, proceeds of wheat crops sold in those years to Matthews. Estes denies these payments. Matthews does not speak of a purchase

of any wheat from Fry in 1868, but he does in 1869, and says that in August of that year he paid Fry therefor six hundred and eighty dollars. Mr. Edwards gives evidence which tends strongly to show, in connection with other circumstances, that Fry paid Estes six or seven hundred dollars in 1869. The payment of at least six hundred and eighty dollars in that year is fairly established, though so much cannot be said for that of 1868. A credit of five hundred and fifty dollars on August 25, 1871, is conceded, but the evidence of Fry, corroborated by other evidence, shows an additional payment of two hundred and twenty-four dollars in that year, proceeds of a mule and nine calves. Fry says he paid Estes in 1874, eight hundred dollars, proceeds of tobacco sold to Meyers. This payment is denied by Estes; but Meyers says he bought the tobacco and paid the money to Estes. By evidence of a like character, payments are shown to have been made in each year from 1871 to 1879, which, with those endorsed on the notes after 1878, amount to a full discharge of all three notes, compounding interest annually at ten per cent. From a patient examination of this record it is clear that the chief difficulty in the case is in determining the credit to be given to the evidence of the parties and witnesses. The court, in express terms, approved the verdict of the jury, and made a decree setting aside the trustee's deed, and declared the deed of trust satisfied.

The court and jury were in a better position to weigh the conflicting evidence than we are, and we cannot say that injustice has been done the appellant, and the judgment is, therefore, affirmed. Sherwood, J., absent. The other judges concur.