WILLIAM AND HENRY LEITCH, Appellants, v. ANN MILLER, Respondent.

### Kansas City Court of Appeals, March 31, 1890.

1. **Arbitration and Award:** PREJUDICE OF APPRAISER : RESCISSION OF CONTRACT: VACATION OF AWARD. L. sold M. a lease, and it was agreed that three appraisers should fix the price. The appraisers fixed the price and made it in two payments, the first of which M. paid, but refused to pay the second. L. then sued to recover the second payment. M. pleaded that one of the appraisers was prejudiced and the award was void. L. demurred and relied on the ground that the answer did not allege a return of possession of the leasehold. *Held:* (1) The answer was not an effort to rescind the contract, but was a defense within the contract. (2) It was as completely a feature of the submission to these appraisers, that each should be unbiased and unprejudiced, as if it had been so written in the body of the instrument. (3) The misconduct of one of the appraisers effectually vacates the entire award.

2. ———: ———: WAIVER: INSTRUCTION. An instruction telling the jury in effect, even though they should find the appraiser had prejudged the cause, yet, if they further find that defendant, previously to the hearing, knew of such prejudice and suffered the hearing to proceed, they would find for the plaintiffs, is all, if not more, than was warranted in this case.

3. **Appellate Practice:** EQUITY V. LAW: OBJECTION. The objection that the issues in this case were of equitable cognizance, comes too late in the appellate court, as plaintiff submitted without objection to the manner of the trial below.

4. **Action at Law:** DEFENSE. This is not an equitable proceeding, but properly an action at law, and the answer contained but one defense, partiality of the appraisers.

*Appeal from the Clay Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*J. E. Lincoln* and *D. C. Allen*, for the appellants.

(1) This is a suit on a contract for sale of a lease, at a price to be fixed by "appraisers." *Leonard v. Cox*, 64 Mo. 34. And the contract is an entirety, the consideration for one part being the consideration for every part. 3 Amer. & Eng. Ency., p. 916, and numerous cases in note 93. (2) The court erred in overruling the plaintiffs' "demurrer," and in admitting evidence on part of defendant, because : *First.* Said answer did not allege defendant was injured or damaged by said supposed "bias" or "prejudice." *Second.* Said answer proposed to cancel a part of said contract (alleged to be fraudulent), and leave part of it standing, and did not propose to put plaintiffs in "*statu quo.*" This she cannot do. All the authorities agree as to this. 75 Mo. 563 ; 66 Mo. 224 and 519 ; 18 Mo. App. 120 ; 1 Denio, 74 ; 19 Pick. 300 ; 17 N. E. Rep. 918. (3) The court erred in giving the instructions asked by defendant and in refusing those asked by the plaintiffs. By giving and refusing said instructions, the court confined the jury to the single question of "bias" or "prejudice" of the appraisers. Neither "fraud," bias nor prejudice would permit defendant to repudiate the "finding," while she held what she received under it. 18 Mo. App. 123 ; 75 Mo. 563 ; 19 Pick. 300 ; 1 Denio, 74 ; 1 Benj. on Sales, p. 530 ; 98 Ill. 188 ; *Gay v. Alter*, 102 U. S. Rep. 79, and cases cited above. (4) The court erred in modifying instruction number 6, given for plaintiffs. If defendant's agent had knowledge to put him on inquiry, he cannot complain. *Fox v. Hazleton*, 10 Pick. 275 ; 38 Ohio St. 423 ; 57 N. H. Rep. 20. (5) The answer of defendant is equitable and not legal. It specifically attacks the so-called award, and, alleging that it was not binding on defendant, prays that it "be set aside and for naught held and considered ;" in other words, be canceled. The answer

Leitch v. Miller.

is a cross-bill and converted the case into an equitable proceeding. Bliss on Code Pleading [2 Ed.] sec. 10, p. 10; sec. 347, p. 349; *Freeman v. Wilkerson*, 50 Mo. 554, but see first paragraph on p. 556; *Smith v. Canning Co.*, 14 Mo. App. 525–526. (6) The judgment in this case is on the record erroneous. The answer had two pleas. The first plea was a general denial and plaintiffs introduced full evidence as to all issues tendered by the petition. In case where there are several pleas, a verdict, if for the defendant, must show on which of the pleas it was rendered. The same rule prevails as to pleas as holds where there are several counts in the petition. In this case the evidence was not confined to one plea. The verdict simply finds the issues for defendant without reference to pleas. *Railroad v. Freeman*, 75 Ga. 331; *Bricker v. Railroad*, 83 Mo. 39; Missouri Reports, *passim*. (7) The rule in reference to separate trials where there is a count at law and one in equity is the same in principle as in the case where there is a plea at law and a plea in equity. Here there was a plea at law and one in equity, and hence there should have been separate trials and separate judgments. The judgment in this case is, therefore, erroneous on the record. *Crowe v. Peters*, 63 Mo. 429.

*J. V. C. Karnes, H. F. Simrall, Sam'l Hardwicke*, for the respondent.

(1) The plaintiffs owned a leasehold in this property. The defendant desired to have this surrendered. The amount which the defendant should pay therefor could not be agreed upon. There was no controversy which could be the subject of an action. It was simply agreed that the three parties named should fix the value of this leasehold. It was an appraisal and not an arbitration. *Garred v. Macey*, 10 Mo. 161; *Curry v. Lackey*, 35 Mo. 389; *Zallee v. Ins. Co.*, 44 Mo. 530;

*Holmes v. Shepard,* 44 Mo. 600, 603; *Leonard v. Cox,* 64 Mo. 32. Whatever may be held in other states, this is the settled law of this state; but the principles governing both are the same. In a similar case to this under a similar statute, the courts of Massachusetts have decided the same way. *Hubbell v. Bissell,* 13 Gray, 298, and cases cited. (2) The antecedent cause of action was for the value of the leasehold surrendered to the defendant. This has not been determined by the judgment of the court, nor was it inquired into on the trial. All evidence as to the real value of the lease was properly excluded. The suit was for a specific value as fixed by appraisers. The answer was that the appraisement was made void for the reason that the appraisers were prejudiced, and that hence there was no appraisement made and no recovery could be had thereon. It was purely an action at law with an equitable defense. (3) " The plaintiff is entitled either to the amount fixed by the appraisers, or to the value of his property which passed into the hands of the defendant." *Leonard v. Cox,* 64 Mo., *supra.* (4) "Where the award is void resort may be had to the original cause of action, which will not be treated as having been barred or merged or in any other way destroyed." Morse on Arbitration, p. 491; *Zallee v. Ins. Co.,* 44 Mo. 530, *supra; Mayor v. Butler,* 1 Barb. 325, 337; *Haggart v. Morgan,* 5 N. Y. 422; *Morton v. Cameron,* 3 Robertson, 189; *Barrows v. Sweet,* 143 Mass. 316; *Keller v. Harding,* 23 Ark. 697. (5) If the appraisers were partial or prejudiced, then the appraisement was void. Morse on Arbitration, pp. 106, 107, 108; *Strong v. Strong,* 9 Cush. 560; *Hyeronimus v. Allison,* 52 Mo. 102. "Where there are several arbitrators, misconduct on the part of any one of them will suffice to avoid the award of all. Morse on Arbitration, p. 536. And receiving *ex parte* communications will invalidate the award. Morse on Arbitration, p. 534. "There may be ample misconduct in a legal sense to

make the court set aside an award, even where there is no ground for imputing the slightest motives to the arbitrator." Russell on Arbitration [3 Ed.] pp. 654, 655. (6) The answer is (1) a general denial except as admitted ; (2) an admission of the lease—that it was surrendered—by plaintiffs to defendant at her request and that the amount to be paid by her for it was to be ascertained by appraisers ; that such ascertainment was undertaken, but the proceeding was void by reason of the partiality of the appraisers. "The defendant may plead as many defenses as he may have, legal or equitable, or both." *Ledbetter v. Ledbetter*, 88 Mo. 60. An equitable defense to an action at law does not convert the latter into a suit in equity nor deprive the plaintiff of his right to a jury trial. *Wolff v. Schaeffer*, 4 Mo. App. 367, 372 ; *Wolff v. Schaeffer*, 74 Mo. 154 ; *Carter v. Prior*, 78 Mo. 222. But, even if this be such a defense as ought to have been submitted to the jury on special issues, the appellants are in no position to take advantage of this, as they presented no such issues and made no objection to submitting the whole case to the jury. Attention must be given to such matters at the proper stage of the trial. *Estes v. Fry*, 94 Mo. 266, 271. (7) No rescission is sought in this case, and hence there can be no question as to restitution. This is entirely a mistaken view as to the issues involved.

J. E. Lincoln and D. C. Allen, for the appellants in reply to respondent's brief.

Counsel say : "No rescission is sought in this case," etc. "The contract is a "fraud" and void and that we don't propose to rescind nor stand by it." They must do one or the other. *Estes v. Reynolds*, 75 Mo. 563 ; *Nauman v. Oberle*, 90 Mo. 669 ; *Finlay v. Bryson*, 84 Mo. 669 ; *Parker v. Marquis*, 64 Mo. 41 ; *Masson v. Boret*, 1 Denio, 73 ; 19 Pick. 300 ; 1 Benj. on Sales.

GILL, J.—In February, 1888, plaintiffs occupied a farm of two hundred acres as lessees of Mrs. Miller, the defendant, the lease expiring by its terms March 1, 1889, and at a rental of five hundred and fifty dollars per annum. About this time Mrs. Miller sold the farm, and agreed with the purchaser to give possession on March 1, 1888. With the view of complying with this undertaking defendant sought to arrange with the lessees, Leitch Bros., for a surrender of their unexpired term. The defendant's son, Dr. Miller, represented her in the entire transaction; and after some negotiations agreed upon terms with Leitch Bros. to the effect, in substance, that said plaintiffs would surrender possession of the farm on March 1, 1888, in consideration of which defendant would pay plaintiffs such a sum as should be fixed by Aaron Elliott, W. H. Roush and James Roberts. This agreement for appraisement was evidenced by a writing, signed by the parties, and in form as if an *arbitration* under the statute. On February 18, 1888, these appraisers met at Liberty, and, after consultation, submitted their decision, by which defendant, in addition to some attorneys' fees, was to pay plaintiffs for their unexpired leasehold of one year the sum of eighteen hundred and fifty dollars; nine hundred and twenty-five dollars to be paid March 1, and the remaining nine hundred and twenty-five dollars, on June 1, 1888. Defendant paid the amount due March 1, as provided for; but, on maturity of the last installment of nine hundred and twenty-five dollars, she refused further payment. Whereupon plaintiffs instituted this suit for the recovery of this said last installment, basing their action upon the terms of the contract above mentioned. The cause was tried in the Clay circuit court before a jury, a verdict and judgment had for the defendant, and plaintiffs prosecute this appeal.

At the trial the defense relied on was that one of the appraisers, Elliott, was partial to the plaintiffs, and had prejudged the matter he was expected to hear and decide impartially; and that, therefore, the award so made was void.

I. This prejudice and bias of Elliott was fully set out in the answer, to which plaintiffs interposed a demurrer, on the grounds that said answer contained no defense, etc. The point, seemingly relied upon for this objection to the answer, is that it is not alleged therein that defendant had restored plaintiffs to the possession of said leasehold; that in order to *rescind* the contract entered into between the Leitches and Mrs. Miller, she must first surrender or return to them all she received on that account, to-wit, the possession of said premises. To support this contention the learned counsel for plaintiffs rely upon the line of decisions of which *Cahn v. Reid et al.* (18 Mo. App. 115) is a sample, wherein it is held that where one seeks to rescind a contract for the sale of property and to recover the same, by reason of fraud and deceit practiced on the vendor, it is incumbent on the complaining party first to make tender of that he has received from such fraudulent vendee, so as to place such party *in statu quo.*

The principle announced in this line of cases, however, does not sustain the contention here. There is no effort by the defense in this case to annul, or rescind, the contract for the purchase of plaintiffs' lease. There is no claim of fraud or deceit in procuring the contract of sale of the lease. By consent of both parties to the agreement for sale and transfer of the lease, that has become to the extent of such transfer an executed contract, and this is an action for the purchase money. Defendant disputes the plaintiffs' right to recover the nine hundred and twenty-five dollars fixed by the appraisers, because of misconduct by at least one of

the number. It was as completely a feature of the submission to these appraisers, that each should carry to the discharge of such duty an *unbiased* and *unprejudiced* mind, as if such a clause was written in the body of the instrument. The defense made by the answer is, that the price to be paid was not determined by *three impartial* minds, as contemplated by the contract, but that appraiser Elliott had before entering on such service prejudged the matter, and entertained a fraudulent design to inflate the amount to be paid by defendant beyond what should in justice be paid. The defense then was rather within than without the spirit and intent of the contract; was not a defense by *rescission* of the contract, but rather for a just enforcement thereof. It is well established, too, that the misconduct of *one* of these appraisers effectually vacates the entire award, and for one good reason, among others, that it cannot be determined how far the *one* may have influenced others. Morse on Arbitration and Award, p. 537.

II. It seems that in the selection of these appraisers, Dr. Miller, defendant's agent, at first objected to Elliott, expressing at the time some doubt as to his (Elliott's) honesty. There was, too, evidence at the trial tending to show that, previous to the hearing had by the appraisers, Elliott was interviewed by one of the plaintiffs, and Elliott was then assured that "if he would stand by the plaintiffs they would stand by him, and would make him a nice present," etc. It seems, too, that Elliott went to Dr. Miller and related this circumstance, telling Miller that if selected he meant to do just what was "square and right," and encouraged Miller to believe that he, Elliott, would not be influenced to do wrong, etc. Thereupon, Miller, trusting that his mother would be fairly treated, permitted the hearing and appraisement to proceed, without objection.

Upon this state of facts plaintiffs at the trial asked the court to give an instruction to the jury to the effect

that, even though the said Elliott was biased or had prejudged said cause, yet, if Miller had previous notice of such bias, *or had such notice as to put him, while acting as a prudent person, on inquiry*, then the jury should find the issues for the plaintiffs. The court refused the instruction as offered and gave in lieu thereof the following: "Even though the jury should find from the evidence that said Aaron Elliott was biased, or had prejudged such cause, yet, if the jury further find from the evidence that defendant, by her agent, E. H. Miller, previously to the hearing of said matter *knew* of the partiality, bias or prejudgment of said Aaron Elliott, and she suffered the hearing to proceed they will find the issues for the plaintiffs." Of this action by the court plaintiffs have no cause to complain. The instruction thus given by the court was all, if not more than, was warranted in this case. It may be well doubted if there was evidence sufficient to warrant the instruction as asked, even to admit its correctness as an abstract proposition of law, since the information received by Miller was calculated to encourage him to *trust*, rather than *suspect*, Elliott. However, it is only the *knowledge* of Elliott's bias that should have been construed as a waiver. Mere *suspicion* is not enough. *Robb v. Brachman*, 38 Ohio St. 425; *Noyes v. Gould*, 57 N. H. 20; 14 Pick. 236; 2 Met. (Mass.) 558, and 10 Pick. 277.

III. The alleged error, that the issues in this cause were, by force of the answer filed, of equitable cognizance and should have been settled by the court as in trial of equity cases, is of no consequence at this stage of the litigation. If the lower court was proceeding improperly plaintiffs should have interposed an objection. But they submitted, without objection, to the manner of trial and it is now too late to complain. *Estes v. Fry*, 94 Mo. 266.

However, plaintiffs' counsel are clearly wrong in this contention. This is an action on a contract for the

recovery of money therein stipulated to be paid,—is an *action at law*, with a defense interposed that the appraisers, therein named to fix the amount to be paid, had not performed their duty as agreed, and had fraudulently inflated the amount of their findings to defendant's prejudice. It is not an equitable proceeding, but properly an action at law, the answer containing, too, but one count, one defense. The issue charged is partiality, bias and unfairness of one of the appraisers. The issue. thus made was fairly tried and submitted to the decision of a jury upon evidence applicable thereto, and with instructions unobjectionable to either side, and we see no cause to disturb the jury's finding.

The judgment, therefore, of the circuit court is affirmed. All concur.