HENRY D. LAUGHLIN, Respondent, v. ANNIE GERARDI *et al.*, Appellants.

St. Louis Court of Appeals, November 17, 1896.

1. **Instructions:** IGNORING A DEFENSE. Instructions which ignore a defense supported by substantial evidence, and which authorize a verdict for the plaintiff without regard thereto, are erroneous, and especially when this defense is the only one established by the evidence.

2. **Practice, Appellate:** PURSUING THEORY OF TRIAL. When parties treat an action as one at law and try it as such before a jury, they will be bound by that theory on appeal.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*T. J. Rowe* for appellants.

*John A. Harrison,* and *Boyle, Priest & Lehmann* for respondent.

BOND, J.—Plaintiff sues on two notes executed to him by defendants on the twenty-third of November, 1892, for the sum of $1,000 each, payable respectively, with six per cent interest from date, at one and two years, indorsed by plaintiff to one Joseph Gerardi, and taken up by plaintiff as indorser after their maturity. The answer is, *first*, that the notes were given for plaintiff's accommodation, were not supported by any consideration, and that plaintiff became indorser upon them in consideration of the acquittance to him of a sum of money in his hands as trustee belonging to defendant Joseph Gerardi; *secondly*, that plaintiff, as trustee of a chattel mortgage given by Joseph Gerardi to secure a large indebtedness due John Gerardi collected for the account of said beneficiary a large sum of money, that thereafter said beneficiary accepted in full satisfaction of the secured debt three notes for $1,000 each made by defendants and indorsed by plaintiff, and that plaintiff, upon the maturity of the notes indorsed by him, bought them from the beneficiary for $2,500, being part of the money in plaintiff's hands as trustee which he had failed to return to defendants upon the discharge of the secured debt. The reply is a general denial.

In support of the defenses set up in their answer defendants adduced evidence tending to show that on the eleventh of February, 1890, defendant Joseph Gerardi, to secure a large indebtedness due one John Gerardi, conveyed by chattel mortgage to plaintiff the personal property situated in the Planters House in this city, subject to a prior mortgage to one Baker for the

benefit of the Continental Bank; that, upon the fore-closure of said prior mortgage, a surplus of $200 was received by the trustee therein, which, together with the property undisposed of, was turned over to plain-tiff as trustee under the second mortgage; and that plaintiff as trustee under the latter mortgage proceed-ed at once to foreclose according to its terms. As the result of this action, according to plaintiff's testimony, he received $200 in cash from the former trustee, $474 as the proceeds of notes given him for mattresses, and about $1,100 taken in by his auctioneer. In reply to a question as to who got the proceeds taken in by the auctioneer, plaintiff said: A. "As I remember, the moneys were brought from time to time by Joseph Gerardi to the office, and given to Mr. George J. Tan-sey, and by him turned over to me, and by me turned back to Joseph Gerardi. If I did not turn back the identical money, he got it by my check or by some other method." Plaintiff also stated that the other sums received by him as trustee were returned to defendants. On the other hand, the defendants gave evidence that the gross proceeds taken in by plaintiff's auctioneer from sale under the second mortgage were $2,045.89, which, under plaintiff's instructions, were delivered by defendant Joseph Gerardi to plaintiff's partner George Tansey; that plaintiff also received $200, from the former trustee, $474 in payment of the notes given for mattresses, and another item of $540 cash paid plaintiff by defendant's bookkeeper before the commencement of the sale under the second mortgage; that no part of any of said items was returned to either of the defend-ants; that about two years after the sale under the mortgage to plaintiff the two notes in suit and another note of like amount were executed by defendants under the following agreement:

"AN AGREEMENT between John Gerardi, of Clinton county, Ill., and Henry D. Laughlin, of St. Louis, Mo.

"WITNESSETH:     *Whereas*, said John Gerardi holds a debt against Joseph Gerardi, amounting in the aggregate to something like twelve thousand ($12,000) dollars principal and interest, and several notes evidencing this debt, one or more of which is something like ten years old, but other notes for the same debt are not more than two years old, if that, and

"*Whereas*, the said John Gerardi holds a claim through Laughlin as trustee in a deed of trust, given by Joseph Gerardi to him, on the furniture of the old Planters House, subject to the mortgage then held by the Continental National bank; and

"*Whereas*, the said John Gerardi has now compromised his said indebtedness against Joseph Gerardi, and consented to take three notes of even date herewith, one payable one year, one in two years, and one in three years after date, and all bearing interest at the rate of six per cent per annum from date, which notes are to be signed both by Joseph Gerardi and his wife, Annie Gerardi. And, in consideration of the indorsement of said Laughlin on each and all of these notes, said John Gerardi hereby assigns, releases and transfers, to the said Laughlin, all claims by him held against the property formerly constituting the furniture and outfit of the Planters House, and for all moneys arising from the sale of said property, including the claim against Baker, the trustee, who made the sale under the first mortgage on said property; and the said John Gerardi surrenders and delivers over to the said Joseph Gerardi, or to the said Laughlin for said Joseph Gerardi, all notes, claims and demands, by him held against said Joseph Gerardi, except the three notes for one thousand dollars ($1,000) each, this day

executed and delivered to him by said Joseph Gerardi and his wife, Annie Gerardi, and in consideration of said compromise said Joseph Gerardi hereby obligates himself to hold harmless the said John Gerardi against all claims or demands made or to be made against him by the Planters House and insurance company, under the lease of the Planters House from said company to said Gerardis, the interest in which was subsequently assigned and transferred by John to Joseph Gerardi.

"Signed in triplicate this 23rd day of November, 1892. } Jos. Gerardi, Jno. Gerardi, Henry D. Laughlin."

It is conceded that plaintiff paid nothing to the beneficiary of the mortgage to him out of the proceeds of foreclosure prior to the execution of the notes in suit, and that these were acquired by plaintiff after their maturity for $2,500 paid by him to said beneficiary.

The court refused all the instructions prayed by defendants, gave one of its own motion, over defendants' objection, and the jury returned a verdict in favor of plaintiff on both counts, from which this appeal is taken.

The error assigned is the giving by the court of its own motion of the following instruction, omitting the formal parts thereof, to wit:

"The execution of these notes by defendants to plaintiff is admitted; it is also admitted that they were presented for payment and payment demanded of them at the dates of their respective maturities, and that payments thereof were refused. The same defense is interposed by the defendants to each of said notes. And this defense is that they were executed to plaintiff simply for his accommodation, to enable the plaintiff to pay one John Gerardi an amount of money which the plaintiff at that time held for John Gerardi as trustee. This the plaintiff denies.

"It therefore devolves upon the defendants to maintain this defense by the preponderance or greater weight of the evidence.

"If you believe that said notes were not given for accommodation of plaintiff as aforesaid, but that the two notes in controversy, together with a third of equal amount and due three years after date, were made by defendants to plaintiff, so that plaintiff would indorse them to one John Gerardi, and that, in consideration of the receipt by John Gerardi of said three notes so indorsed by the plaintiff, he, the said John Gerardi, agreed to surrender an indebtedness owing to him by Joseph Gerardi of the amount of about $10,000, then you should find a verdict for the plaintiff on both counts of the petition."

It will be perceived from an examination of the above instruction that it expressly states that the only defense interposed to the notes "is that they were executed to plaintiff simply for his accommodation, to enable the plaintiff to pay one John Gerardi an amount of money which the plaintiff at that time held for John Gerardi as trustee." This statement rests upon a misconception of the pleadings and undisputed evidence. Among other defenses, the final one made in the answer is that plaintiff, while having in his hands a larger sum due on a just accounting to defendant Gerardi, paid $2,500 for the notes in suit (and a third for a similar amount), wherefore defendants averred there could be no recovery in this action. The defense thus made is wholly ignored in the above instruction.

Again, the undisputed evidence afforded by the written agreement (November 23, 1892), and the testimony of the plaintiff, is that the notes in suit were made and indorsed to the beneficiary of the second mortgage for the purpose of discharging in full the

total indebtedness of Joseph Gerardi secured by said mortgage. This satisfaction of the secured debt by operation of law, as well as by the terms of the said written agreement, acquitted plaintiff as trustee of any and all liability in that capacity for failure to pay over to the beneficiary money received under the foreclosure of the mortgage; for the extinguishment of the debt necessarily released the securities for its payment. Hence, it was misleading to tell the jury (as the instruction does) that they were to inquire whether the notes in suit were given "to enable the plaintiff to pay one John Gerardi an amount of money which plaintiff at that time held for John Gerardi as trustee," since the legal and contractual effect of the agreement made when the notes were given was the acquittance of plaintiff from liability to John Gerardi as trustee.

The acquittance of plaintiff's liability to the *cestui que* trust by the satisfaction of the debt secured did not acquit plaintiff from his duty to return to the mortgagor the proceeds of the foreclosure, less expenses. This proposition involves the only question in this case. Did the plaintiff at the time he purchased the note in suit do so in whole or in part with trust money due the mortgagor, defendant Joseph Gerardi? If so, to the extent such funds were used plaintiff could not recover. The only material conflict in the evidence relates to this issue. Defendants claim that plaintiff, at the time he reacquired the notes in controversy, held trust funds exceeding the sum paid by him for the notes. Plaintiff, on the other hand, asserts that he had previously returned to defendants or their agents all sums received by him as trustee. This issue should have been submitted to the jury under instructions telling them that, if they believed from the greater weight of the evidence that plaintiff at the time he took up the notes in question as indorser owed defendant Joseph

Gerardi for money received as trustee, then plaintiff could only recover the excess, if any, of the purchase money of the notes over the sum so due from him as trustee.

On the former trial the parties treated this action as one at law. Of course, they are bound by that theory on the present appeal. *Estes v. Fry*, 94 Mo. 266; *McFarland v. Railroad*, 125 Mo. 253. As they may pursue the same course on a second trial, it is unnecessary to decide whether the second defense in this case presents matters of exclusive equitable cognizance, or merely a claim for money had and received to the use of defendants, and therefore within the concurrent jurisdiction of courts of law and equity. For errors pointed out in the instruction, the judgment will be reversed and the cause remanded. All concur, judges ROMBAUER and BIGGS giving their views separately.

### CONCURRING OPINION.

ROMBAUER, P. J.—I concur in reversing the judgment and remanding the cause, because some of the errors assigned are well assigned, and because one of the defenses interposed by the defendants was wholly ignored by the court, although it was supported by substantial evidence and the defendants asked its submission to the jury by an appropriate instruction. I prefer, however, to state the reasons for my concurrence separately.

I take it to be the established practice in this state that, although the action is one at law, yet, if the defendant interposes an equitable defense, praying for relief which a court of equity *alone* can grant, the action is triable at equity and not at law. On the other hand, parties may try an action triable in equity

before a jury, and, if no objection is made at the trial to such proceeding, they will be concluded by the verdict of the jury if the case is tried free from error in other respects. I make this suggestion in view of a retrial of the cause, as its retrial in equity is likely to lead to a more satisfactory result.

It will be seen from the statement of the case in the main opinion, that the action is brought on two out of three promissory notes, for $1,000 each, which were executed by the defendants, husband and wife, in accord and satisfaction of the husband's debt to one John Gerardi. These notes were indorsed by plaintiff, and he repurchased them from John Gerardi upon failure of the defendants to pay them at maturity. The recovery was for the proportional amount expended in the repurchase. Two defenses were interposed: One, that the defendants were accommodation makers for the plaintiff, and the other that the plaintiff was their trustee, and repurchased these notes from John Gerardi with trust funds in his hands. The first defense was not supported by any substantial evidence, and rested on a misconception of the definition of an accommodation maker. The notes were executed for the benefit of one of the defendants, and not for the benefit of the plaintiff. There would have been no error in the court's instruction on that subject, had it been the only defense. In fact, the evidence in such event would have warranted a peremptory instruction to find for plaintiff. There was, however, ample evidence to support the second defense. While the agreement of November 23, 1892, which is set out in the opinion is somewhat ambiguous, the ambiguity is removed by the interpretation given to it by the parties themselves, which interpretation is bound to prevail in such a case. *St. Louis Gaslight Company v. City of St. Louis*, 46 Mo. 121; *Jones v. DeLassus*, 84 Mo.

541; *Sedalia Brewing Company v. Waterworks Company*, 34 Mo. App. 49. Both parties treated the transfer of the claims and securities held by the plaintiff as trustee, when made by John Gerardi to him, as made, not for his benefit, but for the benefit of his grantor, Joseph Gerardi. The only controversy upon the trial was whether plaintiff had accounted to his grantor for these securities, or used the proceeds, or part of them, in the repurchase of the notes. The plaintiff's evidence was to the effect that he had so accounted, and the defendants' evidence was to the contrary effect. The defendant's second instruction presented that issue for the consideration of the jury, and should have been given. The only issue under the evidence was this question, and yet the instructions to the jury wholly ignored it.

BIGGS, J.—As the case was tried by both parties on the theory stated in the foregoing concurring opinion, the result reached by it seems to be unavoidable.