JAMES HOLT, Appellant, v. A. E. WILLIAMS, JAKE OLDHAM and J. R. RICKMAN, Respondents.

Springfield Court of Appeals, May 8, 1922.

1. **FAUD: Petition Held to Allege Fraudulent Appraisement of Property with Sufficient Certainty.** A petition, alleging that plaintiff and one defendant agreed to an appraisement of property to be exchanged, that other defendants were appointed as appraisers, that the other party to the contract paid $100 each to two of the appraisers, whereupon they appraised the property at an excessive valuation,

which plaintiff paid in ignorance of the facts, is sufficient, as against an objection to the introduction of testimony under it, thought it did not directly allege that the appraisers fraudulently or wrongfully and knowingly appraised the property at a value in excess of its actual market value.

2. **CONSPIRACY: Petition for Fraudulent Appraisement of Property, Held not Founded on Conspiracy.** A petition, alleging that one defendant bribed the others to appraise property to be exchanged by the first defendant to plaintiff at an excessive valuation, which plaintiff paid in ignorance of the facts, and asking recovery of the amount paid in excess of the real valuation, was not based on a conspiracy between the defendants, though such a conspiracy was alleged, the only value of the allegation of conspiracy being to permit plaintiff to hold one party thereto responsible for the acts of others done in pursuance of the common design.

3. ———: **Plaintiff can Recover from Party Committing Wrong, Notwithstanding Failure to Prove Conspiracy.** A plaintiff, who sought to recover from several defendants the excess valuation paid by him for property appraised by some of the defendants at an excess valuation because of bribery by the other defendant, can recover from any one or more of the defendants who were guilty of the wrong the damage thereby occasioned to plaintiff, though he failed to prove his allegation of conspiracy between the defendants, and therefore cannot recover against those defendants whom he did not prove participated in the wrong.

4. ———: **Acceptance of Bribe to Make Excessive Appraisement can be Committed by One Appraiser Alone.** The wrong of acceptance by an appraiser of a bribe to make an excessive appraisement is one which can be committed by one of three appraisers alone, so that a party injured thereby may recover the amount paid under such excessive appraisement from the guilty appraiser, without proving the conspiracy between the appraisers alleged by him.

5. **EVIDENCE: Trial: Admissions of One Wrongdoer are Admissible Against Himself, but not the Others, and Court Should so Instruct.** In an action against several alleged joint wrongdoers, admissions, made by one of the defendants after the wrongful act, are admissible against him, though not against his codefendants, and should be admitted with an instruction properly limiting their effect.

6. **EXCHANGE OF PROPERTY: Contract for Exchange of Property with Appraisement of Value is not Arbitration in Strict Sense.** A provision in a contract for exchange of property, requiring an appraisement of the property to be taken in exchange, if the

parties could not agree as to its value, is not for an arbitration in the strict sense, and the award of the appraisers does not have the effect of extinguishing the contract.

7. ARBITRATION AND AWARD: Provision for Appraisement of Property to be Exchanged, Implies Condition All Appraisers Should Conduct Themselves Fairly. A provision in a contract for the appraisal of property to be exchanged by three appraisers, clearly and necessarily implies a requirement that all the appraisers should conduct themselves fairly and act honestly in appraising the property, and their failure to so act would be a defense in an action to recover the amount of the appraisement.

8. ———: Provision for Appraisement of Property to be Exchanged is Binding, but can be Impeached. While an appraisement of property to be exchanged is not an award in the strict sense, it becomes binding upon the parties to a contract requiring it, but does not reach the dignity of a judgment so as to preclude its impeachment for fraud in an action at law.

9. ———: Bribery of One of Three Appraisers Impeaches Finding. Where a contract required the appraisement of property by three appraisers, proof that the adverse party had bribed one of the three appraisers is sufficient to impeach the finding of all, since the courts will not attempt to determine the extent of the influence of the bribed appraiser, and, where the other party has paid the amount of the appraisement in ignorance of the bribery, he can thereafter recover the amount by which the appraisement exceeded the real value of the property.

Appeal from Lawrence County Circuit Court.—*Hon. Charles L. Henson*, Judge.

REVERSED AND REMANDED.

*H. H. Bloss* for appellant.

(1) The charge in this case against defendants is that they conspired to defraud the plaintiff by appraising this property described at an exaggerated figure. This fraud being the issue, objections to the admission of evidence under these circumstances are not favored by the courts. The evidence should have been allowed to take a wide range. Mosby et al. v. Commission Co., 91 Mo.

App. 507; Manheimer v. Harrington, 20 Mo. App. 297, 301-2; State v. Mason, 112 Mo. 374, 382. (2) The court seems to have sustained the constant objections of the defendants to the introduction of evidence, on the theory which he seemed to entertain, that it was only admissible for the purpose of establishing a conspiracy as against all the parties. This evidence should have been admitted at least as against the party making it. It connected him individually at least with the conspiracy. State v. Storage Co., 151 S. W. 117; Hellman v. Summerville, 111 S. W. 30, 33. (3) Even though the declaration in this case charged conspiracy and fraud, the foundation of the action was the damage suffered. The defendants were severally liable and the recovery should have been allowed against the two, at least Williams and Oldham, who admitted their connection with the fraud charged. Aronson v. Ricker, 185 Mo. App. 583, 172 S. W. 641; Burke v. Fay et al., 128 Mo. App. 690; Van Au v. Mahenheimer, 196 N. Y. 510, 89 N. E. 1114; Booker v. Puyer, 27 Neb. 346, 43 N. W. 133; Bissell v. Beckwith, 33 Conn. 357; Woodruff v. Hughes (Ga.), 58 S. E. 551; Boston v. Simmons, 150 Mass. 463, 23 N. E. 210; Hall v. Bank, 120 Ill. App. 441. (4) The same proposition is stated in this way, viz: If the action is brought against several conspirators, which would be actionable if done by one alone, then the recovery can be had without proof of the conspiracy against the party or parties committing the wrong. Harvey v. Harvey (Neb.), 106 N. W. 660; 12 Corpus Juris, p. 60 and citations; Burkman v. Railway Co., 144 Mo. 211. (5) A conspiracy may be shown by circumstantial evidence. Allen v. Foresyth, 160 Mo. App. 262; Mosby et al. v. Commission Co., 91 Mo. App. 500. (6) "One who attempts to corrupt a jury in the discharge of its duty, incurs a three-fold liability. He may be punished for contempt, he may be indicted for embracery, or he may be sued for damages by one who has suffered through his unwarrantable interference." 20 Corpus Juris, p. 498; Gray v. McDonald, 104 Mo. 303.

*E. J. McNatt* for respondents.

(1)   Appellant's abstract fails to show that final judgment was entered in this case. If none was in fact entered, the appeal ought to be dismissed.   Lyons & Reesman v. Rollison, 109 Mo. App. 68; Bonanomi v. Purcell et al., 230 S. W. 123; Burnett v. Prince, 197 S. W. 242.   (2)   The objection to introduction of any evidence under plaintiff's petition should have been sustained, and the court was right in sustaining the demurrer at the close of plaintiff's case, as the necessary elements of fraud or deceit are not pleaded, and the additional allegations of conspiracy will not aid it.   Pattison Mo. Code Pleading (2 Ed.), sec. 358; Fenwick v. Bowling, 50 Mo. App. 516; Pope v. Florea, 167 Mo. App. 599; Remmers v. Remmers, 217 Mo. 556-7.   (3)   If, as the appellant contends, the facts in the record show fraud practiced, he could not recover, as he was in possession of practically all the facts now claimed as showing fraud before he parted with his property.   He was bound by law to use common prudence and diligence to protect himself.   Funding & Foundry Co. v. Heskett, 125 Mo. App. 533; Moody v. Baxter, 167 Mo. App. 522; Davis v. Insurance Co., 81 Mo. App. 267; Snider v. McAtee, 165 Mo. App. 270; 26 Corpus Juris, p. 1142.   (4)   If the wrong charged is such that it can only be accomplished by a combine or conspiracy, then the conspiracy must be established, and must implicate enough of the parties to the conspiracy to have done the injury charged.   12 Corpus Juris, p. 585, sec. 105 and p. 646, sec. 257; Aronson v. Ricker, 185 Mo. App. 534; Holborn v. Naughton, 60 Mo. App. 100; Collins v. Cronin, 11 Atl. 869; Rundell v. Kalbfus, 17 Atl. 238; Evans v. Freeman, 140 Fed. 421; St. L. & S. W. Ry. Co. of Tex. v. Thompson, 113 S. W. 421; —— v. ——, 37 Pa. 350.   (5)   Declarations of co-conspirators are inadmissible to prove the conspiracy itself.   22 Corpus Juris, p. 398.   (6)   Therefore, the conspiracy must first be proven by other evidence, and the court, acting in his discretion, says when sufficient

evidence has been proven to make a prima-facie case of conspiracy. 22 Corpus Juris, p. 398; 3 Cyc. Evidence, p. 411-h; Hart v. Hicks, 129 Mo. 105; Hellman v. Summerville, 212 Mo. 432. (7) And statements of past transactions after the purpose of the conspiracy have been accomplished or abandoned are inadmissible against the associates of the person making them. 22 Corpus Juris, p. 399; Laytham v. Agnew, 70 Mo. 48.

COX, P. J.—Action for damages based on fraud and deceit. At the close of plaintiff's testimony, the court sustained a demurrer to his testimony. An involuntary nonsuit with leave was then taken and the court refusing to set the nonsuit aside, plaintiff appealed.

The petition charges the following facts: Plaintiff and defendant Williams entered into an agreement by which plaintiff was to exchange his interest in a garage stock and building for a farm and live stock, feed and machinery located thereon. The contract provided that if the parties could not agree upon the value of the stock, machinery, feed, etc., located on the farm, the matter should be submitted to appraisers, one to be selected by each party and these two to select a third party. That the parties were unable to agree and that plaintiff selected Jake Oldham, defendant, Williams, selected J. D. Rickman and these two selected J. M. Summers.

As constituting the fraud the following charge is made: "That in order to cheat, wrong and defraud the plaintiff, the said Williams entered into a conspiracy with the balance of the defendants by which it was understood that they were to appraise said property at a sum largely in excess of its reasonable market value and to secure the assent of the balance of defendants to such unlawful conspiracy, said Williams paid the defendant Rickman the sum of $200 and he in turn paid $100 thereof to the appraiser selected by the plaintiff, viz: Jake Oldham. That thereupon the said appraisers went to the place where said property was located on said farm south of Aurora and appraised said property in excess

of its reasonable market value to the extent of $1040.44 and plaintiff after said appraisement and being ignorant of the things done in pursuance of said conspiracy and believing that the award of said appraisers was their fair and honest judgment was caused to exchange said property on a basis of said value and was thereby damaged in said sum of $1040.44, for which amount he asks judgment with costs.''

At the beginning of the trial, the respondents objected to the introduction of any testimony on the ground that the petition did not state facts sufficient to constitute a cause of action. This was overruled and the trial proceeded. Respondents insist that their objection made at the beginning of the trial should have been sustained and that since it was not, the subsequent action of the court in sustaining the demurrer to the testimony should now be upheld. The petition does not directly allege that the appraisers fraudulently or wrongfully and knowingly appraised the property at a value in excess of its actual market value with intent to cheat and defraud the plaintiff as should have been alleged but we think there is a sufficient allegation to advise defendants as to the nature of the charge that they were called upon to meet and was sufficient as against the objection to the introduction of testimony under it.

The testimony offered on part of plaintiff tended to show that plaintiff and Williams each made a list of the property and placed a valuation thereon, then compared them and it was found that the total value placed on the property by plaintiff was $1769.55. The same property listed and valued by Williams totaled $2775. The value placed on it by the appraisers was $2731, only $44 less than the value fixed by Williams. That plaintiff protested that the amount was too high but settled on that basis, supposing that the appraisers had acted honestly. After learning, as he claimed, that two of the appraisers had been bribed by Williams he brought this suit to recover back the amount paid under the appraisement over and above the actual market value of the property. That

the value fixed by the appraisers was very much above the fair market value.

The court excluded the list and values placed on the property by plaintiff. It would seem that this list should have been admitted to show that plaintiff and defendant Williams did not agree in their valuation of the property but as there seemed to be no controversy on that point, the exclusion of this list and value by plaintiff was harmless.

Plaintiff offered to show admissions by defendants Oldham and Williams made after the appraisement of the property that Williams had paid Rickman $200 and that Rickman paid Oldham $100 of that amount in connection with the appraisement. This was excluded for the reason that an admission of one co-conspirator made after the conspiracy has ceased cannot be used against the other and the demurrer to plaintiff's testimony was sustained on the theory that plaintiff's cause of action was based on a conspiracy and since the conspiracy was not proven, the action must fail.

We think the court was in error in holding that this action is bottomed on conspiracy. Although the conspiracy is alleged, that is not the basis of plaintiff's action. His cause of action, if he has one, is the wrong done him by the bribery of the appraisers and the consequent false valuation of the property. The only value to him of the allegation of conspiracy and its proof, if he could have proven it, would have been to permit him to hold one party responsible for the acts of another done in pursuance of the common design. [Hunt v. Simonds, 19 Mo. 583, 588; Hunt v. Johnston, 23 Mo. 432; Leonard v. Cox, 64 Mo. 32; Darrow v. Briggs, 261 Mo. 244, 276-77, 169 S. W. 118; Epps v. Duckett, 284 Mo. 132, 142, 223 S. W. 572; Dworkin v. Caledonian Ins. Co., 226 S. W. 846; W. E. Stewart Land Co. v. Perkins, 234 S. W. 653, 656.]

The cause of action being the wrong done and not the act of conspiring together to do the wrong, it follows that although a conspiracy be charged and not proven,

yet if the wrong charged is proven to have been done, the plaintiff may recover against those whom his proof shows to have been responsible for the wrong. [Aronson v. Ricker, 185 Mo. App. 528, 533, 172 S. W. 641.]

Respondents are right in their contention that where the facts show that the wrong complained of could not be committed by one alone, but could only result from a conspiracy of two or more, then the conspiracy must be proven. [Holborn v. Naughton, 60 Mo. App. 100.]

But that is not this case. The wrong in this case could have been committed by one appraiser alone without any conspiracy with the other or with Williams, the other party to the contract, and for that reason the cases holding that a case could not be made without proof of conspiracy on the facts under review in those cases are not in point here.

The court erred in holding that the cause of action was based on conspiracy and that no case could be made without proving the conspiracy. The court was right in holding that statements of one party made after the commission of the wrong were not admissible against another, but they were admissible against the party making them and should have been admitted and the purpose for which they could be considered by the jury restricted by instructions.

It is suggested by respondents that there was no competent evidence in this case to show that more than one appraiser was bribed, and that being true, the plaintiff could not have been injured, for if the other two acted honestly, the bribery of one did not affect the result, as the judgment of two of the appraisers would be binding in any event and should stand until set aside in a proper action. To this we do not agree. These appraisers were not arbitrators in the strict sense of that term so that their finding or appraisement extinguished the original cause of action and left the parties to pursue their remedies based on the finding of the arbitrators. Had plaintiff refused to pay the amount of the appraisement and defendant Williams had sued him to recover it, the

cause of action would have been based on the original contract and not on the award of the appraisers. The provision in the contract for appraisers included, by a clear and necessary implication, a requirement that all the appraisers should conduct themselves fairly and act honestly in appraising the property and a failure to so act could have pleaded as a defense on an action at law by Williams against plaintiff to recover the amount of the appraisement. [Leitch v. Miller, 40 Mo. App. 180; Kent & Purdy Paint Co. v. Aetna Ins. Co., 165 Mo. App. 30, 43, 146 S. W. 78; Sholz v. Mills, 176 Mo. App. 352, 375, 158 S. W. 696; Allen v. Hickam, 156 Mo. 49, 58, 56 S. W. 309.]

Some courts have made a distinction between an agreement for appraisers in the first instance and an agreement for appraisers only in case the parties fail to agree, and hold that in the latter case, the appraisers selected after the parties failed to agree are arbitrators but it now appears to be settled in this State that there is no difference and in all agreements that provide for appraisements only, whether in the first instance or after failure of the parties to agree, the parties selected to make the appraisement are appraisers and not arbitrators. [Dworkin v. Caledonian Ins. Co., 226 S. W. 846.]

While an appraisement is not an award in the strict sense, yet when a provision for appraisement is incorporated in the contract, it becomes binding and the parties must follow the contract as held in the Dworkin case, supra; still, the appraisement when made does not reach the dignity of a judgment nor is such verity attached to it as to preclude its impeachment for fraud in an action at law. The question then arises to what extent must it be impeached in order to avoid its effect. Can it be impeached by showing bribery or corruption of one of three br must bribery or corruption of at least two be shown? Since a party is entitled to three men that will act fairly and honestly as already shown, it necessarily follows that the corruption of one will taint the

result of the whole, for no one can tell what the influence of one corrupted may have been on the other two who may have acted honestly., If the corruption of but one of three is shown and a wrong result is reached, a court of justice will not undertake to sift the findings and separate the pure from the impure and strike any sort of an average or indulge any sort of a presumption that the pure prevailed over the impure but will condemn the whole as tainted and reject it. On this question the same rule should apply after an appraisement as applies in an action to set aside an arbitration and we find a good expression of this rule in 5 Corpus Juris, page 188, section 479, where it is said: "The exercise of undue influence applied by one of the parties to one or more of the arbitrators by separate conference or other means of approach, is good ground for setting aside the award and a party who admits such improper measures will not be heard to say that he was unable to accomplish his purpose. If the conduct of such party had a tendency to affect improperly the decision of the arbitrator or arbitrators in the matter in issue, it would be held to be sufficient to invalidate the award without inquiry as to whether the conduct or act in question actually produced any harmful results to the complaining party." Proof that an act of the kind mentioned was done would have the same results as if the party had admitted doing it. It matters not whether the corrupting influence reaches or is intended to reach only one or all or whether it is in fact shown to have affected any, the law will shun the very appearance of evil. We regard this rule as a very sanguinary one and it is supported by the authorities generally. [Valle v. N. Mo. R. Co., 37 Mo. 445; Leitch v. Miller, 40 Mo. App. 180, 187; Wilkins v. Van Winkle (Ga.), 3 S. E. 761; Catlett v. Doughterty (Ill.), 2 N. E. 669; Insurance Company of North America v. Hegewold (Ind.), 66 N. E. 902; Strong v. Strong (Mass.), 9 Cush. 560; Hewitt v. Village of Reed City (Mich.), 82 N. W. 616; Bradshaw v. Agricultural Ins. Co. (N. Y.), 32 N. E. 1055; Jenkins

v. Liston, 54 Va. 216, 13 Gratt. 535; Moshier v. Shear, 102 Ill. 169.]

All plaintiff had to show in this case to impeach the appraisement and to permit him to recover the amount, if any, which he had paid above the true market value of the properly appraised, was to show that one appraiser had been bribed, and while the admission of one made after the appraisement was completed would not be admissible against another, it would be admissible against the party making it and should be admitted as against him and if the property was appraised too highly and the jury should find that any one of the appraisers was bribed as alleged, then the appraisement should be disregarded and the value of the property fixed on the testimony without regard to the appraisement, and the verdict should go against all that the proof should show were implicated in the fraud.

The judgment is reversed and the cause remanded with directions to set aside the non-suit of plaintiff and proceed in accordance with the views herein expressed. *Farington, J.,* and *Bradley, J.,* concur.