J. F. MILLSPAUGH, Respondent, v. MISSOURI
PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 31, 1909.

1. TRIAL PRACTICE: Deposition: Notice: Timely Objection.
There were two defendants. Deposition was taken on notice
to only one of them. It was not admissible against
the other. At the trial the plaintiff offered the de-
positions and they were read to the jury, and thereupon the
court adjourned immediately. The first thing next morning
the other defendant objected to the deposition so far as it was
concerned. Held, the proceeding was proper and the objection
was timely.

2. APPELLATE PRACTICE: Abstract: Objections. An abstract
of the record is held sufficient notwithstanding certain ob-
jections.

Appeal from Jackson Circuit Court.—Hon. James H.
Slover, Judge.

REVERSED AND REMANDED.

Elijah Robinson and Harris Robinson for appellant.

(1) The court should have instructed the jury,
upon this defendant's motion, not to consider the testi-
mony of E. A. Woodman and T. D. Montague in arriving
at a verdict as to this defendant. Baustian v. Young,
152 Mo. 317; State v. Minor, 193 Mo. 597; Pryor v. Rail-
road, 85 Mo. App. 367; Sandige v. Hill, 70 Mo. App. 71;
Sparr v. Wellman, 11 Mo. 230; Fitzgerald v. State, 14
Mo. 413; Knox v. Hunt, 18 Mo. 174; Gutzweiler v. Lock-
man, 39 Mo. 91. (2) The burden is on the shipper to
show the delivery of the goods to the carrier and the fail-
ure of the carrier to deliver them. Grain Co. v. Wabash
Railroad, 114 Mo. App. 496; Otis Co. v. Railroad, 112
Mo. 622; Read v. Railroad, 60 Mo. 199; Harvey v. Rail-
road, 74 Mo. 538; Hance v. Express Co., 48 Mo. App.
179; Whiting v. Railroad, 28 Mo. App. 103; Railroad

Co. v. Reynolds, 8 Kan. 623; Kallman v. Express Co.,
3 Kan. 205; Coates v. Express Co., 45 Mo. 241: Connor
v. Railroad, 181 Mo. 397.

*Botsford, Deatherage & Creason* for respondent.

(1) Appellant's abstract of the record proper is
not sufficient and therefore its appeal should be dis-
missed. Storage & Warehouse Co. v. Glasner, 150 Mo.
426; Butler v. Grady, 152 Mo. 442; Wheeling v. Lead
Co., 92 S. W. 883; R. S. 1899, sec. 813. (2) The print-
ed bill of exceptions is not the place in which to enter
the record proper. Shoe Co. v. Williams, 91 Mo. App.
511; Storage & Warehouse Co. v. Glasner, 152 Mo. 426;
Wheeling v. Lead Co., 92 S. W. 883; R. S. 1899, sec. 813.
(3) Plaintiff's petition or statement which alleges de-
livery, and loss of hogs while in defendant's possession
as a common carrier, is sufficient. Roan v. Railroad, 38
Mo. App. 414; McFadden v. Mo. Pac. Railroad Co., 92
Mo. 342 l. c. 346-7.

ELLISON, J.—This action was begun before a jus-
tice of the peace to recover damages for the loss of eleven
head of hogs out of a lot of seventy-nine shipped from
Cherokee, Oklahoma, to Kansas City, Missouri, by way
of Wichita, Kansas. The shipment and contract were
made over the Kansas City, Mexico & Orient Ry. Co. to
Wichita and there delivered and accepted, under same
contract, by the defendant the Missouri Pacific Railway
Company to be transported to Kansas City. The action
was brought against both railroads and plaintiff had
judgment against both before the justice. On appeal to
the circuit court, at the close of the trial, he dismissed
the action as to the Kansas City, Mexico & Orient Ry.
Co., and recovered judgment against the Missouri Pa-
cific alone, and that company appealed.

During the trial plaintiff introduced in evidence the
depositions of two witnesses taken on a notice given to

Millspaugh v. Railroad.

the Kansas City, Mexico & Orient Company only.  After it was read, the Missouri Pacific Company moved the court to direct or inform the jury that in arriving at a verdict the depositions should not be considered as evidence against it.  This was overruled.  Error was committed in such ruling.  This is not denied by plaintiff, but he says that defendant cannot object now for the reason that it did not object when the depositions were offered.  We think defendant pursued the proper course. Plaintiff's citation (1 Wigmore's Ev., pp. 53-56) is not applicable.  At the time the depositions were read the Kansas City, Mexico & Orient Company was yet a party defendant and as that company had been notified that they would be taken, they were admissible against it.  It was proper therefore to admit the depositions and then advise the jury that they should not be considered against the Missouri Pacific Company.

Immediately at the conclusion of reading the depositions court adjourned till next day and the first thing next morning counsel made the request.  This was in ample time.

Objections have been presented to the sufficiency of defendant's abstract, but we think it sufficient.  Plaintiff's observations on this head seem to be confined to the abstract of the bill of exceptions, but defendant had a distinct abstract of the record proper in addition, which we think to be ample.

Several technical objections were taken by defendant to the sufficiency of proof, etc., which, since there is to be another trial, need not be noticed.  The judgment is reversed and cause remanded.  All concur.