STATE v. WILLIAM HUMPHRIES, Appellant.—No. 38378.—169 S. W. (2d) 350.

Division Two, March 25, 1943.

*Roy McKittrick*, Attorney General, and *Harry H. Kay*, Assistant Attorney General, for respondent.

ELLISON, J.—The appellant was convicted in the circuit court of the City of St. Louis of an assault with intent to kill Jhonnie Mae McGee, in violation of Sec. 4408, R. S. 1939, Mo. R. S. A., sec. 4408. The information also charged one prior conviction of burglary, a felony, under Sec. 4854, R. S. 1939, Mo. R. S. A., sec. 4854, a part of the so-called habitual criminal act. The jury assessed his punishment at life imprisonment in the state penitentiary, which is the maximum punishment under Sec. 4408, supra, and Sec. 4850, R. S. 1939, Mo. R. S. A., sec. 4850, and therefore mandatorily required by the habitual criminal statute, Sec. 4854(1), supra. He has filed no brief here, so we review the assignments of error in his motion for new trial.

There was no assignment in the motion complaining of the insufficiency of the evidence, but for a better understanding of the case

we sketch the facts. Apparently both parties to the assault were negroes. The prosecutrix, a woman 20 years old, was a "matron" or janitress employed at an office building in St. Louis. Her duties required her to report for work at 4 A. M. On the early morning of April 5, 1941, while walking to the office building the appellant met her, threatened her with a knife, seized her hand bag and forced her to go with him through a nearby alleyway into a shed. There appellant raped her and struck her in the face with a "brick like" or "a gray stone like rock or something." A stone was produced as an exhibit at the trial, and she said it "looked like" the one used in the assault. Later a policeman identified it as the one found at the place of the assault. It had human blood on it. The first blow rendered her insensible and she recovered consciousness in a hospital. Her jaw was broken in two places, her front teeth knocked out, she had six stab wounds in the neck, and her face was gashed, lacerated, swollen and scarred. A neighbor was awakened about the time of the assault, and found the prosecutrix at his doorstep, nude and bleeding in the face. A few hours after the assault two policemen searched the shed and found blood there; and also found the prosecutrix' clothes, an earring and the rock. Other articles of her clothing were discovered in a nearby sewer. The prosecutrix identified the appellant at the trial. His defense was an alibi.

The first and second assignments in appellant's motion for new trial were that the trial court erred in overruling his motion to strike from the information all allegations charging him with being an habitual criminal; and in permitting the State to introduce evidence of his prior conviction. The grounds of this motion to strike were that appellant's prior conviction occurred in December, 1927, fourteen years before the instant offense, and could not be used in connection with the latter to aggravate the punishment, because of the Statute of Limitations; that what appellant did fourteen years ago was too remote; and that "if for all time to come one is to be damned for a mistake there is no reason for reformation." No constitutional question was raised.

This precise question has not hitherto been presented to this court so far as we are aware. But in six other states the rulings uniformly have been against appellant's contention. 24 C. J. S., ▮▮▮ sec. 1960 e, p. 1152; 58 A. L. R. 58, note. The reasoning of the cases there cited is: (1) that unless the habitual criminal statute fixes a maximum time limit within which the prior conviction shall have occurred before the offense for which the defendant is on trial, then by the very terms of the statute the remoteness of the prior conviction is immaterial; (2) and that the fact of the prior conviction is not an element or part of the subsequent offense, but serves only to increase the severity of the punishment therefor.

This reasoning is apposite under our Missouri law. Our statute, Sec. 4854, fixes no time limit except that it can be invoked only in

a conviction and for an offense both subsequent to the defendant's discharge by pardon or upon compliance with the sentence for the prior offense. In other words, service of the sentence and discharge must intervene. It is a *minimum* limitation, not a maximum. And the doctrine declared in the second reason stated above, has been the law in Missouri for years, under repeated decisions.* Appellant's attack upon the wisdom of the habitual criminal act raises a question of legislative policy beyond the range of this court's jurisdiction. The section has been in our statutes for more than a century. State v. Krebs, 336 Mo. 576, 579, 80 S. W. (2d) 196, 198. We must, therefore, overrule this assignment and hold the three year statute of limitations applicable to burglary, of which appellant had previously been convicted, has no bearing whatever on this case.

The third assignment in the motion for new trial is that the trial court "erred in permitting the State to offer irrelevant, incompetent and immaterial evidence against the defendant." This assignment is too vague and indefinite to comply with the new trial statute, Sec. 4125, R. S. 1939, Mo. R. S. A., sec. 4125; State v. Roland, 336 Mo. 563, 566(2), 79 S. W. (2d) 1050, 1052(7). No evidence is specified and no reason is given. Furthermore the mere *offer* of improper evidence ordinarily would not be reversible error.

The fourth assignment charges error in the admission in evidence of the rock with which appellant is claimed to have made the assault, because it "was not properly identified as to any connection with the defendant." As already stated, the prosecutrix testified that the rock exhibited to her at the trial looked like the one used by appellant in the assault. Her injuries were of such nature as might have been made by the rock, according to the surgeon who first treated her. It was found at the scene of the assault. It had human blood on it, as shown by chemical tests. Under this evidence we think the rock was clearly admissible. The showing is much stronger than that in State v. Martin, 349 Mo. 639, 646(2), 162 S. W. (2d) 847, 851(4), where a similar instrument was admitted. For here the prosecutrix testified a rock or object like it was *used* by *appellant*, and when found soon afterwards at the scene of the crime the rock had blood on it indicating it had been so used. See, also, 16 C. J., sec. 1225, p. 619; 22 C. J. S., sec. 712-a, p. 1207.

---

*State v. Moore, 121 Mo. 514, 519, 26 S. W. 345, 346; State v. Collins, 266 Mo. 93, 97(II), 180 S. W. 866, 867; State v. Bresse, 326 Mo. 885, 894(IV), 33 S. W. (2d) 919, 922; State v. Citius, 331 Mo. 605, 610(2), 56 S. W. (2d) 72, 74; State v. Hefflin, 338 Mo. 236, 241, 89 S. W. (2d) 938, 940; State v. Murphy, 345 Mo. 358, 361, 133 S. W. (2d) 398, 400.

In a recent case, State v. Kimbrough, 350 Mo. 609, 166 S. W. (2d) 1077, 1081(4), the writer hereof loosely stated that the accused could stand mute and put the State on proof of his prior conviction, as well as "other essential elements of the offense," thereby seemingly implying the prior conviction is one of the essential elements of the *offense* in an habitual criminal case. What was meant was that the State's burden extends to all the essential elements of the *case*.

The final assignment is that the court erred "in permitting the State to offer evidence in the nature of rebuttal upon anticipation that the defendant would offer certain evidence which he did not." This assignment, we believe, also is too general under the new trial statute, Sec. 4125, supra; State v. Nienaber, 347 Mo. 615, 618, 148 S. W. (2d) 1024, 1026. It does not identify the witness, give the substance of the testimony complained of, or disclose the legal ground of objection. But out of caution we have examined the bill of exceptions. It shows the State called three witnesses in rebuttal: Marie Franklin, Charles Russell and Raymond Randall. The first two were to impeach the appellant's alibi testimony that he was at home in bed before 1:30 A. M. on the night of the assault. These two witnesses placed him in "Tom's lunch room" as late as 2:30 and 2:50 A. M.

The third witness, Randall, was the reporter who took the prosecutrix' testimony at the preliminary hearing. He was produced for the following reason. Just before the trial the assistant circuit attorney amended the information to charge the prosecutrix had been wounded *and cut* with a stone *and knife*. When she was under cross-examination appellant's counsel pressed her vigorously as to whether she had testified at the preliminary about the use of the knife. On rebuttal the assistant circuit attorney introduced the witness Randall to prove that she had so testified at the preliminary. Appellant objected. This is the only incident, so far as we can find, that could be referred to in the new trial assignment complaining of the State's rebuttal testimony. But obviously it was not offered, as the assignment says, in "anticipation that the defendant would offer certain evidence which he did not." This merely goes to show the wisdom of the statute requiring new trial assignments to be specific, especially where the appellant has filed no brief. We find no error in the admission of the rebuttal testimony.

We have examined the record proper and find no error there. Accordingly the judgment is affirmed. All concur.

