**STATE of Missouri, Respondent,**

**v.**

**Asa Ray GILLETTE, Appellant.**

No. 22089.

Kansas City Court of Appeals.

Missouri.

March 21, 1955.

J. Arnot Hill, John C. Pohlmann, Kansas City, for appellant.

Richard K. Phelps, Sheldon P. Sandler, Kansas City, for respondent.

CAVE, Judge.

Defendant was convicted of common assault and sentenced to a term of six months in the county jail and to pay a fine of $100. Motion for new trial was overruled and appeal was perfected.

The information charged assault in this manner: "* * * that thereafter the said Asa Ray Gillette, at the County of Jackson and State of Missouri, on the 13th day of January, 1953, did then and there unlawfully, wilfully and feloniously make an assault with his hands and fists in and upon one Carroll C. Davis, with intent him, the said Carroll C. Davis, to do great bodily harm; * * *". The information also charged two prior felony convictions under the habitual criminal act, Section 556.280. All citations of statutes refer to 1949 Revision, V.A.M.S.

The state's evidence was to the effect that Carroll Davis was working as a carpenter-foreman at the Grandview Air Base in Jackson County, and on the day of the assault, he, in company with one Robert Burns, an iron worker, and Aubrey Wester, a day laborer, transported, in a pickup truck, a concrete mixing bin from one point on the air base to another location, and as they were unloading the bin, the defendant and one Clyde Ruark drove up in another truck and inquired why Davis was transporting the bin in a truck; and asked if he didn't know that such was the work of a member of the truckers' union, and not a member of the carpenters' union; Davis explained that the truck driver had left the grounds and they merely wanted to transport the bin a short distance to a point where it would be needed for future work. Without further ado, defendant got out of his truck, grabbed Davis, shook him, and struck him a severe blow on the side of his head with his fist, knocking him to the ground. Davis was "dazed and confused" and defendant picked him up, stood him on his feet, gave him his cap, and then got into his truck and left. Davis was taken to a doctor and X-rays disclosed a fracture of the malar bone, zygomatic bone, obital rim and into the sinus, resulting from the blow; that the left side of his face was swollen, blackened and he suffered severe hemorrhage from the nose; that at the time of the trial he was still suffering from headaches, nausea, post-nasal drainage and cloudiness of the sinus. He was hospitalized for one week. The state also introduced the records of the defendant's

prior felony convictions, imprisonment and discharge therefrom.

Defendant did not testify, but Ruark stated that when he and the defendant drove up to where Davis and the other parties were, there was some argument about whether Davis had violated union rules by operating a truck and that when defendant got out of the truck in which he was riding, Davis reached for a hammer which was fastened to his clothing, and that is when defendant shook and struck Davis.

Instructions were given submitting the issue of felonious assault with intent to do great bodily harm, and common assault; also submitting the question of prior convictions under the habitual criminal act.

At the outset it should be kept in mind that the habitual criminal statute does not create a separate and distinct offense nor authorize a conviction upon the charge of being an habitual criminal. It only provides that, in case of a second conviction, the penalty to be imposed shall be more severe. It is not a substantive part of an offense subsequently committed. The conviction must be for the offense charged in the information or some lesser degree thereof. State v. Citius, 331 Mo. 605, 610, 56 S.W.2d 72, 73; State v. Humphries, 350 Mo. 938, 169 S.W.2d 350; State v. Ward, 356 Mo. 499, 202 S.W.2d 46.

Defendant first contends that the court erred in overruling his motion to dismiss the information, because the allegations were insufficient to charge a felonious assault. He argues that an assault with the hands and fists only could not possibly constitute a felony. Under the record in this case, we do not consider it necessary to decide whether the information was sufficient to charge felonious assault or whether the evidence would be sufficient to sustain a conviction thereof, because the defendant was convicted of common assault, not felonious assault. It is conceded the information is sufficient

to charge the offense of common assault under Section 559.220. Section 556.230 provides that under an indictment or information charging a felonious assault, the defendant may be convicted of a lesser offense. Section 556.240 provides that when a defendant shall be acquitted or convicted upon any information, he shall not thereafter be tried or convicted of a different degree of the same offense nor for an attempt to commit the offense charged in the information, or any degree thereof, or any offense necessarily included therein, provided he could have been legally convicted of such degree or offense. All the cases hold that common assault is an offense necessarily included in a charge of felonious assault. Consequently, the court did not err in overruling the motion to dismiss the information, because it, at least, properly charged the offense for which defendant was convicted.

Defendant's next contention is that the court erred in overruling his motion for a judgment of acquittal filed at the close of the state's evidence and of all the evidence, "for the reason that the charge of felonious assault had not been proven against defendant". What we have just said disposes of this contention. The information and the evidence were sufficient to submit the issue of common assault, of which offense the defendant was found guilty, and such a verdict, in effect, acquitted him of the charge of felonious assault. Section 556.240. There is no merit in this contention.

The next assignment is that the court erred in giving Instruction No. 2, which submitted the issue of felonious assault. Defendant argues that the evidence is insufficient to constitute felonious assault with intent to do great bodily harm, and therefore this instruction should not have been given. Defendant was acquitted of felonious assault and is in no position to complain of this instruction. See Sections supra, and cases cited thereunder. Defendant cites State v. Rongey, Mo., 231 S.W. 609; State v. Webb, 266 Mo. 672, 182 S.W. 975; State v. Fair, Mo., 177 S.

W. 355. In these cases, the defendant had been *convicted* of *felonious assault* and the question was whether the evidence was sufficient to support such a conviction. That is not the question in the instant case.

■ It is also contended that the court erred in giving Instruction No. 7, which submitted the question of whether defendant had previously been convicted of certain felonies, for the reason that the evidence did not establish a felonious assault. The jury having convicted defendant of common assault, it is quite evident that it disregarded any previous convictions put in issue. Under such circumstances, the defendant cannot complain of Instruction No. 7. This is clearly held in the following cases: State v. Peterson, Mo.Sup., 130 S.W.2d 505; State v. Held, 347 Mo. 508, 148 S.W.2d 508, 511; State v. Abbott, Mo., 265 S.W.2d 316; State v. Lorts, Mo.Sup., 269 S.W.2d 88, 92; State v. Preston, Mo. Sup., 184 S.W.2d 1015, 1017. In the Preston case, supra, the court, in discussing a similar question, said at page 1017: "By its verdict the jury clearly indicated that it had disregarded the habitual criminal charge and its mandatory instruction compelling the punishment of life imprisonment. It follows that he was not prejudicially injured by any instructions on the subject and we need not consider the merits of his complaints".

There is no merit in this assignment.

■ The last two assignments made by defendant, in effect, charge lack of good faith on the part of the prosecuting attorney, in that he filed an information purporting to charge felonious assault and invoking the habitual criminal act, when he *knew* that the state's evidence would support only conviction of common assault, a misdemeanor; and that he injected the prior convictions for the purpose of prejudicing defendant's rights. In support of this contention, he cites State v. Mosier, Mo.Sup., 102 S.W.2d 620; State v. Allen, 363 Mo. 467, 251 S.W.2d 659, and State v. Horton, 247 Mo. 657, 153 S.W. 1051, 1054. In the Mosier case, the information

charged prior convictions, and the prosecuting attorney accented that fact in the voir dire examination and in his opening statement, *but failed to produce proof of such prior convictions.* The court held that in drawing and filing such an information, the prosecutor must act in good faith and should not proceed before the jury under the habitual criminal statute when he has no means and intention of relying thereon. However, the court did not hold the conduct in that case prejudicially erroneous. In the instant case, the prosecutor produced evidence of the prior convictions.

The Allen case did not involve the question of the habitual criminal act, but rather the conduct of the prosecuting attorney in producing and emphasizing evidence which the court had held, in a prior appeal, was incompetent and prejudicial. The court said his conduct far exceeded his duty to vigorously and fearlessly prosecute on behalf of the state, and had thereby prejudiced the rights of the defendant. In the Horton case, the court merely announced the generally accepted principle that it makes no difference how regular the proceedings of the trial are, if prejudice finds its way into the verdict, that verdict cannot stand. We agree with the principles announced in those cases, but the factual situation makes them inapplicable in the present case.

Of course, the office of prosecuting attorney carries great power and authority and should be administered honestly, fairly and conscientiously, not only in behalf of the state, but also toward a defendant. However, we find nothing in this record to indicate that the prosecutor acted in bad faith and injected the prior convictions for the purpose of prejudicing the rights of the defendant. In fact, the prosecutor vigorously urges in his brief that the information properly charged felonious assault and that the evidence would have supported a conviction therefor, and cites cases in support of that argument.

Furthermore, the learned trial judge was of the opinion that the information charged

684

felonious assault and that the evidence was sufficient to submit that issue because he overruled defendant's motion to quash the information and, by an instruction, submitted the question of felonious assault. The mere fact that the defendant and his attorney vigorously disagree with the opinion of the prosecutor and of the trial judge on the question of whether felonious assault was properly charged and proved would not authorize this court to say that the prosecutor knew that the information did not charge felonious assault, and that the evidence would not support such a charge, and therefore he had acted in bad faith for the purpose of prejudicing the rights of the defendant.

The state's evidence certainly justified the jury in finding that the defendant had committed a vicious and unprovoked assault upon Davis, and the fact that he was convicted of common assault would clearly indicate that the jury had disregarded the prior convictions.

Finding no prejudicial error, the judgment should be affirmed. It is so ordered.

All concur.