O. E. ZIMMERMAN, Administrator of Estate of Cora Estes, Deceased (Plaintiff), Appellant,

v.

Bradley YOUNG (Defendant), Respondent.

No. 28979.

St. Louis Court of Appeals.

Missouri.

June 14, 1955.

458

R. P. Smith, Cape Girardeau, for appellant.

Limbaugh & Limbaugh, Cape Girardeau, for respondent.

ROBERT L. ARONSON, Special Judge.

This is an appeal from a judgment entered by direction of the trial court, at the close of plaintiff's evidence, in an action for personal injuries, wherein the prayer was for $5,000, and thus within the jurisdiction of this court. Originally the suit was brought by Cora Estes, who died pending trial, and the cause was revived and subsequently prosecuted by the administrator of her estate. Since no issue is involved which relates to the revivor of the cause, we shall, for simplicity refer to Mrs. Estes as the plaintiff.

Plaintiff was the mother-in-law of defendant. On March 5, 1953, at the invitation of defendant and his wife she rode with them from her home in Cape Girardeau to their home in St. Louis, arriving after dark. On attempting to alight from defendant's Buick sedan automobile through the right rear door thereof, she fell and fractured her hip.

The parts of the petition pertinent to this appeal charged that defendant's:

"Buick Sedan automobile was not reasonably safe for plaintiff to use and ride in, in that a floor mat therein was loose and wrinkled and uneven in surface and the doorsill thereof was raised above the level of the floor of said automobile.

"4. That after 7:00 p. m. on said date, when darkness had fallen, defendant parked said Buick Sedan automobile in an unlighted place and invited plaintiff to alight from said automobile without assistance and without lights, and failed to warn plaintiff of the condition of the floor, floormat and doorsill of said automobile.

"5. That as a direct and proximate result of the unsafe condition of said automobile and of defendant's failure to warn plaintiff of, or provide lights for, plaintiff to see such condition, plaintiff was caused to stumble and fall in attempting to alight from said automobile and plaintiff did fall onto a hard surface, breaking her bones and tearing and lacerating her flesh."

The parties stipulated the fact "that the automobile owned by defendant, Bradley Young, on March 5, 1953, was a 1951, four door Buick Sedan, super model, and that said automobile and the scuff-plate on the doorsill of the rear door on the right hand side of said automobile were of standard construction and in normal condition on March 5, 1953, and at all times pertinent to this case."

Since Mrs. Estes had died shortly after suit was filed the only witnesses called for plaintiff were defendant, his wife and plaintiff administrator. Defendant testified that in March 1953 he had been a Trooper with the Missouri State Highway Patrol; his car was a 1951 Buick four door Super, standard in construction; he had bought a thin rubber mat which was placed over the rug in the back of the car; it was 15 to 20 inches wide and extended across the width of the car, and was not fastened in any way; that said mat has a tendency to become wrinkled or ruffled up in ordinary use; with his approval, his wife had made the suggestion to plaintiff, her mother, age 76, who had been ill a short time before, that she come up to St. Louis; after leaving plaintiff's home, they stopped at her son's home, where all got out of the car for thirty minutes or more; then they drove to St. Louis, he and his wife in the front seat, plaintiff alone in the back; he parked his car at the curb, went to the trunk, picked up two suitcases and carried them into the house, where he turned on the lights; at that time his wife was getting out of her door and picking up some things from the seat and plaintiff was still in the car; the place where he had parked was not lighted in any way; his car had a dome light that came on automatically when a front door was open, but was not affected by the back doors; he was inside the house when plaintiff was hurt; his wife called to him, he then found plaintiff lying on the sidewalk and he carried her in the house; he did not notice whether the rubber mat was smooth or wrinkled; the sill of the rear door of the car was a half-inch above the floor level. He further testified that plaintiff had often ridden in his car, back and front, had made a trip east with them three months before, and never had difficulty getting in or out of the car; he had not noticed the condition of the floor mat when they left Cape Girardeau.

Mrs. Young, defendant's wife and plaintiff's daughter, testified that they arrived in front of her apartment thirty to forty-five minutes after dark; plaintiff was still in the car when defendant took the suitcases into the house; Mrs. Young also got out of the car and shut the right front door and opened the right rear door for plaintiff; no lights of the car were then lit; she stood far enough back to let her mother get out; plaintiff handed her some things and she held them in her arms, as plaintiff started to get out; "some way she stumbled on something about the car, and before I could get hold of her or anything she had fallen out on the sidewalk"; she did not see what plaintiff fell over; she

never checked to see whether the floor mat was wrinkled up; neither she nor defendant had said anything to plaintiff about the floor mat being wrinkled, nor had they warned her of anything. She gave further testimony as to plaintiff's injuries.

Plaintiff administrator, son of the original plaintiff, became a witness for the purpose of giving evidence as to a telephone conversation with defendant's wife on the night of the occurrence. Objection that this was hearsay was sustained, and an offer of proof was then made that defendant's wife, in his presence had stated that her mother had stumbled over the wrinkled floor mat in the car and that caused her to fall. This offer also was rejected as hearsay. Thereupon, when plaintiff's attorney declared that he had no more evidence as to liability and plaintiff rested, the court sustained defendant's motion for a directed verdict.

■ With respect to the claim of error in excluding the offer to prove the alleged statement of defendant's wife in his presence in a telephone conversation, we must agree with the ruling of the learned trial court. No statement of the wife could be binding on the husband, as his admission against interest, without a showing that she was acting as his agent at the time of making the statement; and there was no showing of agency. The mere fact of his presence in the room when she made the telephone call to her brother is insufficient to show agency. Admissions against interest are limited to statements by parties, and do not include statements of members of their families, absent agency; and Mr. Young is the sole party defendant here.

■ Since Mrs. Young is not a party litigant, her assertions made prior to her testimony come within the hearsay rule and are not admissible in evidence. Recognizing that prior assertions are some times provable in contradiction and impeachment of a witness' trial testimony, yet such impeaching evidence is limited to the purpose of affecting credibility, and is not to be regarded as substantive evidence of the facts described in the impeaching evidence.

See Hammond v. Schuermann Building & Realty Co., 352 Mo. 418, loc. cit. 424, 177 S.W.2d 618, loc. cit. 622, wherein it was said:

"As we read the authorities and the observations therein the probative value of impeaching evidence ceases to function when it exhausts its force against the witness impeached. Its scope and its function is restricted to the credibility of said witness. It does not function legally as evidence having probative value against the other litigant."

Also, Foster v. Aines Farm Dairy Co., Mo., 263 S.W.2d 421.

Moreover, the proffered evidence seems, in the light of Mrs. Young's testimony, to have been an expression of conclusion on her part, rather than an assertion of fact, within the rule of Levin v. Hilliard, Mo., 266 S.W.2d 573.

■ We turn then to a consideration of the remaining assignment of error, relating to the sustention of the defendant's motion for a directed verdict, because of the insufficiency of the evidence as to his liability. Conscious that we must, on this issue, view the evidence in the light most favorable to the plaintiff, and having so viewed it, we are convinced that the ruling was correct. The evidence failed to show that plaintiff's fall and injury came from a cause attributable to any negligence of defendant.

It is not necessary that we decide all the matters briefed by counsel. Defense counsel contend that plaintiff's status as a guest in defendant's automobile was that of licensee, rather than invitee. We do not rule this point because even one in the status of invitee could not recover in this case. In other words, assuming (without deciding) that plaintiff was an invitee, the evidence fails to demonstrate that her injury was caused by defendant's negligence.

■ Defendant was inside his apartment, and was not present when plaintiff fell.

He had left his wife, plaintiff's daughter, at the car. We cannot say in this circumstance that he had invited plaintiff to alight without assistance.

The petition charged that plaintiff was caused to fall as a result of failure of defendant to warn plaintiff of the alleged unsafe condition of the floor, floor mat and door-sill of the automobile. This involved the dual questions of whether there was an unsafe condition and a duty to warn, both as to the door-sill and as to the rubber floor mat.

Concerning the door-sill, we cannot find basis for a conclusion that there was an unsafe condition, merely because the sill was one-half inch higher than the floor. The parties stipulated that this was a matter of standard construction; thus, thousands of cars are so built. No one testified that the slight rise of the sill made for danger.

■ Furthermore, the condition was as well known to plaintiff as to defendant. Plaintiff had made a trip to the east in the same car and had several times come to St. Louis in it, never before experiencing trouble. There can be no liability for failure to warn of a condition known to plaintiff, even as to defendant. Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369; Meyer v. St. Louis Public Service Co., Mo.App., 253 S.W.2d 525; Vairo v. Vairo, Mo.App., 99 S.W.2d 113.

Concerning the floor mat, about the condition of which no witness gave definite testimony, the most that can be said is that it had a tendency to become wrinkled. We cannot infer from this that it was in a wrinkled condition when plaintiff undertook to alight from the car on March 5, 1953. Even if we could do that, we could not permit plaintiff to build upon such an inference a second inference that such condition caused plaintiff to stumble.

■ In any event, plaintiff's claim encounters the well-known rule that when a plaintiff has shown the equal likelihood that his injury came from either one of two causes, and one is a cause for which defendant is not legally liable, plaintiff cannot recover. State ex rel. Trading Post Co. v. Shain, 342 Mo. 588, 116 S.W.2d 99, 102; Pietraschke v. Pollnow, Mo.App., 147 S.W.2d 167; Grindstaff v. J. Goldberg & Sons Structural Steel Co., 328 Mo. 72, 40 S.W.2d 702; Waldron v. Skelly Oil Co., 363 Mo. 1146, 257 S.W.2d 615.

■ Here plaintiff out of the necessities of her case called defendant and his wife as her witnesses. She is bound by their testimony, uncontradicted. Bowers v. Columbia Terminals Co., Mo.App., 213 S.W.2d 663.

"Something" caused plaintiff to fall. The evidence is meager and vague. The petition suggests that it may have been the door-sill, or it may have been the floor mat. To determine that either caused the fall, on this evidence, would require speculation and conjecture. There is no greater reason to select one as the cause, than to select the other.

■ Without conceding that the floor mat, on the instant record, created an unsafe condition or that defendant had a duty to warn concerning same and was negligent for failing to warn, it is clear that plaintiff's fall was no more shown to have been causally connected with the floor mat than with the door-sill; and we have already indicated that in this case liability could not be predicated on failure to warn about the door-sill. Therefore, the rule of the last-cited cases must apply. As said in Vietmeier v. Voss, Mo., 246 S.W.2d 785, 787: "If the evidence presents a situation from which liability or nonliability may be equally inferred, the court must declare that no case has been made."

The trial court correctly ruled that no case of liability on the part of defendant had been proved, and properly directed a verdict for defendant. The judgment is affirmed.

ANDERSON, P. J., and SAM C. BLAIR, Special Judge, concur.