**STATE of Missouri, Respondent,**

v.

**Marco Demitri VAINIKOS, Appellant.**

**No. 49315.**

Supreme Court of Missouri.

En Banc.

April 8, 1963.

Morris A. Shenker, Lawrence J. Lee, Murry L. Randall, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., James K. Pendleton, Special Asst. Atty. Gen., Jefferson City, for respondent.

WESTHUES, Chief Justice.

The defendant Marco Demitri Vainikos, on December 6, 1961, was convicted by a jury on a charge of carrying a concealed weapon. The punishment assessed was a fine of $150. A motion for new trial was overruled and a judgment entered. An appeal was taken to this court. The offense of which defendant was convicted is a felony, hence jurisdiction of the appeal is in this court.

The offense was alleged to have been committed on August 4, 1961, in the City of St. Louis, Missouri.

On this appeal, defendant has briefed three points. In the first, it is stated that the trial court erred in giving instruction No. 2. It is claimed that this "instruction required defendant to prove that he did not intend to conceal the .25 caliber Colt pistol, instead of requiring the State to prove beyond a reasonable doubt that he did so intend to conceal it."

In the second point, defendant says the trial court erred in admitting the .25 caliber pistol and another pistol, a .22 caliber, in evidence because they were obtained by a search without a warrant after defendant's arrest; that there was no justification or probable cause for defendant's arrest.

In the third point, defendant says that the trial court should have declared a mistrial or should have stricken evidence given by the arresting officer, Hemm, to the effect that the defendant, after his arrest, refused to make any statement. We shall dispose of the points presented after making a statement of what the evidence disclosed to have occurred.

Police officer Hemm, a witness for the State, testified that he had been informed by an F.B.I. agent that the occupant of a car parked near the corner of Pershing Avenue and Plaza Drive in St. Louis, Missouri, was carrying a gun. Thereafter, the police officer noticed the defendant enter the car and as he was about to drive away, the officer stopped him. The officer placed defendant under arrest. Upon searching the car, the officer found a .25 caliber automatic under the front seat of the car and found a .22 caliber in the glove compartment of the car. Both pistols were loaded.

Defendant testified and his evidence was much like that of the officer except that defendant stated he had placed the .25 caliber automatic on the floor of the car and had not intended to hide it. The officer testified that the .25 caliber was hidden from view. It may be noted here that defendant was charged with having concealed the .25 caliber. The evidence with reference to the .22 caliber was admitted by the trial court on the theory that such evidence had a bearing on the intent of the defendant. It may be further stated that all the elements of the offense were admitted by the defendant except that of the concealment of the .25 caliber pistol.

We shall dispose of the points made in the order stated supra. The instruction (No. 2) complained of reads as follows: "The Court instructs the jury that to conceal a weapon means something more than carrying it or the mere fact of having it where it may not be seen. It implies an assent of the mind and a purpose to carry it so that it may not be seen; and the Court instructs you that if you find and believe from the evidence that the defendant did not intend to carry the .25 caliber pistol mentioned and described in the information herein concealed, then you should find the defendant not guilty."

The court also gave an instruction (No. 4) which advised the jury as follows: "The defendant is charged with carrying concealed a .25 caliber pistol, and in this respect you are instructed that you may not convict him merely because of the fact that he may have had a .22 caliber pistol in his glove compartment, and unless you find and believe from the evidence beyond a reasonable doubt that the defendant intended to conceal the .25 caliber pistol mentioned in evidence, you will acquit the defendant."

 The court further instructed the jury that to convict the defendant the burden was on the State to prove his guilt beyond a reasonable doubt. Instructions must be considered together and we need not consider at length defendant's point that the court's instruction imposed on the defendant the burden of proving that he did not intend to conceal the weapon. A reading of the above-quoted instructions answers the defendant's complaint. He certainly was not prejudiced by the court's instructions. State v. Dill, Mo., 282 S.W.2d 456, l. c. 460, 461 (4, 5).

 The second point, that officer Hemm did not have probable cause to arrest the defendant, is without merit. Hemm testified in the hearing on the motion to suppress that he had known the F.B.I. agent who gave him the information for some time and that he had had dealings with him previously. He further testified that the F.B.I. agent informed him that the occupant of the car, a white Pontiac with license No. 2212, 1961, was carrying a gun. The question here presented was reviewed by this court in the case of State v. Bailey, 320 Mo. 271, 8 S.W. 2d 57, l. c. 59(1, 2). The question was further reviewed by this court en banc in the case of State v. Edwards, Mo., 317 S.W. 2d 441. We note here that the question of whether the trial court erred in not requiring officer Hemm to reveal the name of the F.B.I. agent is not before us. We note a ruling made by the trial court, on the hearing to suppress the evidence, that in the circumstances presented the name of the informant need not be disclosed. No point was made that the trial court abused its discretion. We rule that the trial court's ruling admitting the evidence was not error and that the officer had probable cause to arrest defendant.

We now reach a more serious question. Defendant was the only witness for the defense. His evidence, in substance, as to what occurred was similar to that of officer Hemm except that the defendant testified he had placed the .25 caliber pistol on the front floor of the car where it could be seen. He stated that he had been employed by an insurance company which required him to collect money; that on one occasion, he had been followed by two men who he thought

wanted to rob him of money; that that was the reason he had the pistol in his car.

On direct examination, he was not asked about the police officer's asking him any questions at the time of his arrest. The cross-examination of the defendant was, in part, as follows:

"Q Did you tell the police that you carried this gun because you had been accosted on the street by several men?

"A No, sir.

"Q You did not tell the police officer that?

"A No, sir.

"Q Did the police officer ask you why you carried this gun?

"A No, sir.

"Q He did not? Are you sure of that?

"A Yes.

"Q Is it your testimony then that the police officer did not ask you why you carried this gun, State's Exhibit No. 1?

"A Correct.

"Q Did the police officer ask you why you carried State's Exhibit No. 2?

"A No, sir.

"Q Did you tell him why you were carrying it?

"A No, sir."

The prosecution called officer Hemm in rebuttal. Note what occurred during the questioning by the State's attorney:

"Q Officer, after you placed Vainikos under arrest and found State's Exhibit 1, which is the pistol, did you ask him why he was carrying that?

"A Yes, sir.

"MR. KOSTER: I have no further questions.

"MR. LEE: No questions.

"MR. KOSTER: Did he give you an answer, Officer?

"A He refused to make a statement.

" (Witness excused.)

"Proceedings were had out of the hearing of the jury as follows:

"MR. LEE: In view of that last answer, your Honor, I ask that comment upon defendant's failure to incriminate himself of the offense in question be stricken out, and Mr. Koster well knew what this officer was going to say when he put him on the stand and asked the question.

"THE COURT: In a case where the defendant has testified, I don't think that this is at all a matter of any comment which the law forbids, if it is to be called a comment at all. The present objection is overruled.

"MR. LEE: He put this witness on only for the purpose of having him testify that this defendant refused to make a statement, and he knew what his answer would be before he asked the question. He did nothing but exercise his right not to make a statement.

"MR. KOSTER: I expected the officer to say 'No' when I asked the question, 'Did he make a statement as to why he was carrying a gun,' I expected the officer to say 'No.'

"THE COURT: The previous question was one that he could properly ask on rebuttal in view of the defendant's statement that the officer did not ask him why he was carrying a gun, it is proper to ask the officer in rebuttal, 'Did you ask him why he was carrying it.(') The purpose in putting him on is obviously a proper purpose. Now,

as to this last, I don't think it is a serious matter at all.

"MR. LEE: I certainly object, and I ask that the jury be instructed to disregard this last answer and a mistrial be declared.

"THE COURT: I will deny the motion for a mistrial. There is no legal reason given that would justify my striking anything of the last answer, so I overrule that motion to strike."

█ The ruling of the court, overruling the motion to strike, was erroneous. In State v. Bowdry, 145 S.W.2d 127, l. c. 129, 130(3–7), this court said: " * * * in Missouri the silence of an accused while under arrest is not admissible in evidence against him as he is then under no duty to make any statement." A number of cases are there cited in support of the rule. See also State v. Dowling, 348 Mo. 589, 154 S.W.2d 749, l. c. 755 (4, 5, 6–8), and 22A C.J.S. Criminal Law § 734(1) d, p. 1077.

█ In this case, the disputed issue was whether the .25 caliber pistol had been concealed by the defendant. He testified that he did not conceal the pistol. The officer testified that he found the pistol concealed under the front seat of defendant's car. The evidence that defendant refused to respond to the officer's question while under arrest may well have been considered by the jury in determining the innocence or guilt of the defendant. We are not justified in holding that the error was not prejudicial.

For the error indicated, the judgment is reversed and the cause remanded.

EAGER, STORCKMAN, LEEDY, and HOLLINGSWORTH, JJ., concur.

DALTON, J., dissents in separate opinion filed.

HYDE, J., dissents and concurs is dissenting opinion of DALTON, J.

DALTON, Judge (dissenting).

I find it necessary to dissent because I believe that the court in reversing the judgment in this case and remanding the case for a new trial has given the defendant-appellant much more consideration than he is entitled to receive under the facts shown by the record and the law as previously declared by this court. The conviction is reversed on the sole basis of the police officer's answer to the last question asked at the close of all of the evidence, as follows:

"MR. KOSTER: Did he give you an answer, Officer?

"A. He refused to make a statement."

It will be noted that the defendant interposed no objection to the question, but waited until the question had been answered and then moved to strike out the answer. There is no suggestion in the record that counsel did not have time to object to the question before it was answered if he had desired to do so. The motion came too late to prevent the jury from hearing the answer and the motion to strike would have amounted to very little. Further, I believe that this evidence was clearly admissible in contradiction of defendant's testimony that *the police officer did not ask him why he carried either gun.* It tended to contradict defendant's testimony and to impeach his credibility as a witness. A refusal implies a request and absent a request there could have been no refusal.

Section 546.260 RSMo 1959, V.A.M.S. provides that a defendant may testify in his own behalf "and shall be liable to cross-examination, as to any matter referred to in his examination in chief, *and may be contradicted and impeached as any other witness in the case.*" (Italics ours.) State v. Beishir, Mo.Sup., 332 S.W.2d 898, 901 [1]; State v. Swisher, 364 Mo. 157, 260 S.W.2d 6, 10 [1–5] and State v. Woods, 346

Mo. 538, 142 S.W.2d 87, 90 [7]. Under this statute much evidence that would definitely be inadmissible in the State's case in chief may become admissible in rebuttal of defendant's testimony or evidence. State v. King, 342 Mo. 975, 119 S.W.2d 277, 283 [11, 12]; State v. Griffin, Mo.Sup., 336 S.W.2d 364, 368 [7].

Any competent testimony that tends to explain, counteract, repel or disprove evidence offered by defendant may be offered in rebuttal of the defendant's testimony or evidence. State v. Foster, 355 Mo. 577, 197 S.W.2d 313, 324 [23 to 27 inc'l]; State v. Beishir, supra, 332 S.W.2d 898, 903 [6, 7]; State v. Woods, supra, 346 Mo. 538, 142 S.W.2d 87, 90 [7]; 23 C.J.S. Criminal Law § 1050, p. 1208. And it is immaterial that such defendant's evidence may have appeared in the State's cross-examination of the defendant himself. State v. Foster, supra, 355 Mo. 577, 197 S.W.2d 313, 324 [23 to 27 inc'l]; State v. King, supra, 342 Mo. 975, 119 S.W.2d 277, 284 [12].

Even implied adverse inferences may be rebutted by competent rebuttal testimony. State v. Humphries, 350 Mo. 938, 169 S.W.2d 350, 353 [8]; State v. Hadley, Mo.Sup., 249 S.W.2d 857, 860 [2]. Further, the admission or exclusion of rebuttal testimony and the scope of such testimony, if not clearly admissible as a matter of law and right, rests largely within the discretion of the trial court, and this discretion extends even to the matter of determination of the admission of evidence which may not be strictly rebuttal evidence and an appellate court will reverse only for a clear abuse of that discretion. State v. Smith, Mo.Sup., 261 S.W.2d 50, 55 [2] and [3] and cases cited; State v. Smith, 354 Mo. 1088, 193 S.W.2d 499, 503 [14–15]; State v. Dees, Mo.Sup., 276 S.W.2d 201, 206 [10–11]; State v. Payne, Mo.Sup., 342 S.W.2d 950, 954 [4–7]; State v. Mason, 322 Mo. 194, 14 S.W.2d 611, 615 [9–11]; State v. Higginbotham, 335 Mo. 102, 72 S.W.2d 65, 68 [2]; West's Missouri Digest, Criminal Law, Key

§§ 683 [1], 683 [2]; 23 C.J.S. Criminal Law § 1050b, p. 1217.

A further applicable rule is that evidence which is competent for one purpose, but incompetent for another, must be received and the adverse party then has the right to an instruction, if he requests it, limiting the purpose for which the jury may consider such evidence. Johnson v. Minihan, 355 Mo. 1208, 200 S.W.2d 334, 337 [5]; Hammond v. Schuermann Bldg. & Realty Co., 352 Mo. 418, 177 S.W.2d 618, 620 [4]; State v. Beishir, supra, 332 S.W.2d 898, 902 [3, 4]. The officer's final statement was properly admitted under the statute, even though it was not proper evidence to prove the guilt of the defendant of the charge against him. Further, after the close of all the evidence the defendant did not present any instruction limiting the effect of this rebuttal evidence, nor did defendent request the court to advise the jury that this evidence was competent only on the issue of defendant's credibility as a witness. See State v. Warren, 326 Mo. 843, 33 S.W.2d 125, 127 [1, 2]; Scott v. Missouri Ins. Co., Mo.Sup., 233 S.W.2d 660, 665 [9]; State v. Preslar, 318 Mo. 679, 300 S.W. 687, 690 [2]. No such instruction was requested, or given, and none was required unless requested. State v. Preslar, supra; State v. Scown, Mo.Sup., 312 S.W.2d 782, 788 [6–8].

There is a further reason that this case should not be reversed and remanded because of the admission into evidence of the officer's answer to the last question and the court's failure to strike it out and that is because under the facts in this case the defendant was not prejudiced by the answer in question in view of his own testimony.

Defendant, testifying in his own behalf, admitted that he had the .25 caliber Colt automatic pistol in his car on the date of his arrest; that he had put the pistol on the front floor of his car; that he made no attempt to conceal it; that he had the pistol with him because he had to go back into the neighborhood where he was afraid and where he previously had been followed;

that he wanted to have some protection; that he took the gun with him to protect himself because he was afraid for his life; and that he had the .22 caliber pistol, which was locked in the glove compartment, because he used it for target practice. He did not deny that the .25 caliber automatic was, in fact, concealed on or about his person under the front seat of the car, or that both pistols were loaded. He further testified that he did not tell the officer, and the officer did not ask him why he was carrying either gun.

The record further shows he testified as follows:

"Q. Both of these guns are your guns, is that correct?

"A. Yes, sir.

"Q. Now, are you saying that this gun was not under the front seat? A. No, sir.

 \* \* \* \* \* \*

"Q. Was the officer correct when he said that he found the gun about eight inches or so underneath the front seat on the passenger's side?

"A. He could have, sir, I did not place it there.

"Q. You did not see—did you see anybody else place it there?

"A. No, sir.

"Q. You did not see where the officer got the gun?

"A. No, sir.

"Q. You are not saying he is incorrect when he said he got it from underneath the seat?

"A. No.

"Q. You didn't put the gun underneath the seat?

"A. No."

There are other reasons why the answer of the police officer to the last question was not prejudicial and that is because it was little more than repetition of the officer's prior testimony that he did ask the defendant why he was carrying State's Exhibit 1, a .25 caliber Colt automatic pistol. His further testimony that defendant refused to make a statement in answer was but a different way of testifying to the same fact previously testified to, to wit: that a request as to why he was carrying the gun was, in fact, made otherwise there could have been no refusal.

While a careful reading of the entire record in this case convinces us that the questioned evidence was, in fact, admissible to impeach and discredit the defendant as a witness in his own behalf, nevertheless this court in the case of State v. Murray, 126 Mo. 611, 617, 29 S.W. 700, 702, has previously held that proof of defendant's silence in a case *where such evidence was not even offered in contradiction and impeachment of defendant's testimony* was, in fact, not prejudicial error justifying a reversal where the State otherwise had made out a strong case against the defendant. The court in that case said: "The circumstance that the accused is in custody, while entitled to weight, will not, of itself, exclude the statement, if the circumstances otherwise properly called for a reply or denial by him. \* \* \* We do not think the circumstances detailed by Officer Freese were such as called for a statement by defendant. *He must have felt the restraint of his surroundings, and his silence under such circumstances would constitute the very slightest, if any, evidence of his guilt.* But, notwithstanding we hold the proof of defendant's silence was erroneous, we are also clear that under the facts of this case this alone ought not to cause a reversal of this judgment. Error is presumed prejudicial, and it devolves upon the state, when it is shown, to demonstrate that it wrought no harm to defendant. Upon this record, we think this is shown. \* \* \*" (Italics ours.)

On the record presented in the present case I do not find the error, if any, suffi-

ciently prejudicial to justify the reversal of the judgment and, since we believe the evidence properly admissible to affect defendant's credibility as a witness, we find no error in the record. I think the court might have far better disposed of this case by applying the Latin maxim, De minimis non curat lex, and affirming the judgment since, in view of the defendant's own testimony before the jury, the officer's answer to the last question probably had no more to do with the conviction of defendant than the omission of the word "the" in the indictment in the case of State v. Campbell, 210 Mo. 202, 224, 228, 109 S.W. 706, 712, for which error this court at one time reversed a judgment of conviction.

I would affirm the judgment.